101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Daniel O. TEYIBO, a/k/a Daniel O. Teyido, a/k/a Richard K.
Gant, a/k/a Samuel O. Ajao, a/k/a Jack Renfro,
Defendant-Appellant.
 No. 95-1601.
 United States Court of Appeals, Second Circuit.
 April 10, 1996.
 
 1
 Daniel O. Teyibo, Otisville, NY, pro se., for appellant.
 
 
 2
 Amy E. Millard, Assistant United States Attorney for the Southern District of New York, New York, NY, for appellee.
 
 
 3
 Before MAHONEY, WALKER, Jr., and CALABRESI, CJ.
 
 SUMMARY ORDER
 
 4
 Appeal from the United States District Court for the Southern District of New York (Shirley Wohl Kram, Judge ).
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 6
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 7
 1. Defendant-appellant Daniel O. Teyibo appeals pro se from a judgment entered upon a jury verdict that convicted him of nine counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2, and eight counts of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2. A number of his contentions on appeal replicate claims that were made in a pretrial motion that was denied by the district court. See United States v. Teyibo, 877 F.Supp. 846 (S.D.N.Y.1995).
 
 
 8
 2. Teyibo argues that the wire and securities fraud statutes did not provide him fair notice that his conduct was illegal. This claim is frivolous, and we affirm the decision of the district court substantially for the reasons articulated by the district court. See Teyibo, 877 F.Supp. at 859-63. Teyibo also contends that the indictment failed to allege a scheme to defraud under the mail fraud statute. We disagree, and again affirm substantially for the reasons stated by the district court. See id. at 860-61.
 
 
 9
 3. Teyibo next submits that the district court erred when it chose to seat juror number eight, who revealed during voir dire that he was an attorney employed by the United States Environmental Protection Agency and had had prior contacts with attorneys in the office of the United States Attorney for the Southern District of New York, but stated that he could be impartial as a juror. We conclude that the district court did not abuse its discretion by seating this juror. See United States v. Rubin, 37 F.3d 49, 54 (2d Cir.1994) (ruling that court did not abuse discretion because jurors gave frank answers and defendant could not show that empaneled jury was impartial); cf. United States v. Shaoul, 41 F.3d 811, 816 (2d Cir.1994) (to obtain new trial, defendant must show both that juror gave a dishonest answer at voir dire and that correct answer would have provided a basis for challenge for cause).
 
 
 10
 4. Teyibo claims that it was plain error for tape recordings of his conversations with broker-dealers to be admitted into evidence because he neither consented to the recordings nor was given the court order authorizing the wire taps ten days prior to his trial. See 18 U.S.C. § 2511 (interception of third party conversations without court order is illegal); 18 U.S.C. § 2518(9) (court order authorizing tape recordings to be used at trial must be made available to each party ten days prior to trial). Because the broker-dealers consented to these recordings, these wire taps are exempt from such requirements. See 18 U.S.C. § 2511(2)(d) ("It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception....").
 
 
 11
 5. Teyibo claims that his Fifth Amendment right to due process was violated when the Bureau of Prisons lost various documents material to his case. Although the government concedes that it is responsible for losing the documents, we find nothing to suggest that this conduct was wilful and no indication that the lost documents prejudiced Teyibo's defense; thus, no basis for reversal is presented. See United States v. Bakhtiar, 994 F.2d 970, 976 (2d Cir.) (collecting cases), cert. denied, 114 S.Ct. 554 (1993).
 
 
 12
 6. Finally, Teyibo argues that his criminal prosecution is barred by the Double Jeopardy Clause of the Fifth Amendment because he was ordered to pay a fine of $100,000 in a prior civil proceeding arising from the same conduct. We affirm substantially for the reasons set forth in the opinion of the district court. See Teyibo, 877 F.Supp. at 863; see also United States v. Carson, 52 F.3d 1173, 1183 (2d Cir.1995), cert. denied, 116 S.Ct. 934 (1996); United States v. Morgan, 51 F.3d 1105, 1115 (2d Cir.), cert. denied, 116 S.Ct. 171 (1995).