666 N.E.2d 33 (1996)
279 Ill. App.3d 1014
216 Ill.Dec. 865
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Isreal DELATORRE, Defendant-Appellant.
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Martin DELATORRE, Defendant-Appellant.
Nos. 2-95-0834, 2-95-0835.
Appellate Court of Illinois, Second District.
May 23, 1996.
Jeffrey B. Fawell, Fawell & Fawell, Wheaton, for Isreal Delatorre.
*34 Anthony M. Peccarelli, Du Page County State's Attorney, Wheaton, William L. Browers, Deputy Director, State's Attorney Appellate Prosecutor, Elgin, David A. Bernhard, State's Attorney Appellate Prosecutor, Elgin, for the People.
Herbert Hill, Aurora, for Martin Delatorre.
Presiding Justice McLAREN delivered the opinion of the court:
The defendants, Isreal and Martin Delatorre, have had their cases consolidated for decision, both defendants having raised double jeopardy issues on similar facts and circumstances. Both appeals are taken pursuant to Supreme Court Rule 604(f), which permits the appeal of the denial of a motion to dismiss a criminal proceeding on the ground of former jeopardy. 145 Ill.2d R. 604(f). We affirm.
The facts in both cases are undisputed. On November 17, 1994, both defendants were arrested. Both defendants were subsequently charged by indictment with one count of delivery of cannabis. 720 ILCS 550/5 (West 1994). Both defendants were also subsequently served with notice of pending forfeiture: Isreal was served with notice for the forfeiture of $934 and Martin was served with notice for the forfeiture of a 1984 Ford F150 truck. Both notices stated that "forfeiture proceedings are now pending" against the respective property and that, "as an owner or interest holder in the above property," the defendants' respective interests in the property may be "forfeited," unless a verified claim for the return of the property was filed with the Du Page County State's Attorney.
Neither defendant filed a claim as required to contest the forfeiture under the Drug Asset Forfeiture Procedure Act (the Illinois Act) (725 ILCS 150/6(C) (West 1994)). On January 30, 1995, the Du Page County State's Attorney declared administrative forfeitures of the defendants' money and truck. Subsequently, both defendants filed motions to dismiss the indictments pending against them on double jeopardy grounds. After a hearing on the issue, the trial court denied the defendants' motions to dismiss because the defendants did not file claims to the forfeited property during the civil forfeiture proceeding.
On appeal, both defendants argue that we should overrule our opinion in People v. Towns, 269 Ill.App.3d 907, 207 Ill.Dec. 279, 646 N.E.2d 1366 (1995), rev'd in part on other grounds sub nom. In re P.S., 169 Ill.2d 260, 214 Ill.Dec. 475, 661 N.E.2d 329 (1996), pet. for cert. filed (March 7, 1996), where we adopted the holding of United States v. Torres, 28 F.3d 1463 (7th Cir.1994), which required a criminal defendant to have filed a claim in a prior civil forfeiture proceeding before that defendant may succeed on a double jeopardy claim in a subsequent criminal proceeding. The defendants allege that the requirements to file a claim under the Illinois Act (725 ILCS 150/6(C) (West 1994)) differ substantially from those of the federal forfeiture provisions (19 U.S.C. § 1608 (1988)), and, hence, Torres` holding should be inapplicable to cases arising under the Illinois Act. The defendants also allege that the holding in Torres is inconsistent with recent United States Supreme Court opinions in the area of double jeopardy. See Department of Revenue v. Kurth Ranch, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994); Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).
The double jeopardy clause of the fifth amendment to the United States Constitution reads: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., amend. V; see also Ill. Const.1970, art. I, § 10 ("No person shall be * * * twice put in jeopardy for the same offense"). Underlying the principle of protection against double jeopardy is the notion that "a person shall not be harassed by successive trials; that an accused shall not have to marshal the resources and energies necessary for his defense more than once for the same alleged criminal acts." Abbate v. United States, 359 U.S. 187, 198-99, 79 S.Ct. 666, 673, 3 L.Ed.2d 729, 736 (1959); Towns, 269 Ill.App.3d at 911, 207 Ill.Dec. 279, 646 N.E.2d 1366. As we noted in Towns, the double jeopardy clause *35 protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense when sought in separate proceedings. Towns, 269 Ill.App.3d at 910, 207 Ill.Dec. 279, 646 N.E.2d 1366; see also Halper, 490 U.S. at 440, 109 S.Ct. at 1897, 104 L.Ed.2d at 496; In re P.S., 169 Ill.2d at 272, 214 Ill.Dec. 475, 661 N.E.2d 329.
In Towns, as with both defendants in the present case, a defendant failed to file a claim by the alleged owner of property subject to the forfeiture. In holding that double jeopardy did not apply to a defendant, Towns recited language from a recent case of the United States Court of Appeals for the Seventh Circuit, in particular: "`You can't have double jeopardy without a former jeopardy[.] * * * As a non-party, [the defendant] was not at risk in the forfeiture proceeding, and "[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy."'" Towns, 269 Ill.App.3d at 918, 207 Ill.Dec. 279, 646 N.E.2d 1366, quoting Torres, 28 F.3d at 1465, quoting Serfass v. United States, 420 U.S. 377, 391-92, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265, 276 (1975).
The defendants in the instant appeal maintain that Torres, 28 F.3d 1463, is distinguishable from the present case. We disagree. The defendants first rely upon the obiter dicta contemplation in Torres which cast doubt on whether Torres actually had a connection to the forfeited money. Torres, 28 F.3d at 1465-66. The present defendants argue that, in Torres, there was no evidence that the State knew that the forfeited property belonged to the defendant, while, in the present case, there is such evidence. However, we find this distinction immaterial. Despite its dicta, the holding of Torres was that, as a result of the defendant's failure to file a claim following proper notice, the defendant did not become a party to the forfeiture action, and, hence, jeopardy did not attach. Torres, 28 F.3d at 1465. The same holds true in the present appeal.
Next, the defendants contend that Torres is distinguishable because of the differences between the federal and state forfeiture acts. We again disagree. The federal statute requires one filing a claim to contest the forfeiture to file a general statement indicating "his interest therein." 19 U.S.C. § 1608 (1988). The Illinois Act requires one filing a claim to disclose, in relevant part: (1) the nature and extent of his interest in the property seized; (2) the date which he first acquired the property; (3) the identity of the person who conveyed or transferred the property to the defendant; (4) the circumstances of his acquisition of an interest in the property; (5) the names and addresses of all other persons known to the defendant to have an interest in the property; and (6) a legal explanation as to why the defendant believes the property is not subject to forfeiture. 725 ILCS 150/6(C)(1) (West 1994). The defendants maintain that the additional information required to file a claim under the Illinois Act would violate their right to avoid self-incrimination (U.S. Const., amend. V; see also Ill. Const.1970, art. 1, § 10 ("No person shall be compelled in a criminal case to give evidence against himself * * *")) and, hence, he is faced with an intolerable choice between surrendering one constitutional right for the sake of another (see Simmons v. United States, 390 U.S. 377, 394, 88 S.Ct. 967, 976, 19 L.Ed.2d 1247, 1259 (1968)). We agree with the holding in Simmons and reassert its validity in this State. However, Simmons is not applicable to the case at bar, for the defendants have not established, nor is it apparent, how submitting the information required under the Illinois Act violates their right to avoid self-incrimination. "Contraband per se" is defined as property, the mere possession of which is unlawful. Commonwealth v. Fassnacht, 246 Pa.Super. 42, 46, 369 A.2d 800, 802 (1977); Black's Law Dictionary 322 (6th ed. 1990). The defendants claim that they forfeited cash and a truck, respectively. Cash and a truck are not contraband per se; ownership of them is not inherently illegal. Thus, we conclude that the information required under the Illinois Act (725 ILCS 150/6(C)(1) (West 1994)) does not necessarily raise self-incrimination concerns.
*36 Assuming, arguendo, that the information required under the Illinois Act would raise fifth amendment concerns in a particular instance, a defendant would not be restricted during his subsequent criminal prosecution from arguing for the suppression of the statements made in the earlier forfeiture proceeding. See United States v. Teyibo, 877 F.Supp. 846, 855 (S.D.N.Y.1995), ("The prosecution may use evidence acquired in a civil action in a subsequent criminal proceeding unless the defendant demonstrates that such use would violate his constitutional rights or depart from the proper administration of criminal justice"), aff'd, No. 95-1601, 1996 WL 167868 (2d Cir. April 10, 1996). Alternatively, it may be permissible for a defendant to raise his fifth amendment concerns in the forfeiture proceeding (see People ex rel. Waller v. 1989 Ford F350 Truck, 162 Ill.2d 78, 86, 204 Ill.Dec. 759, 642 N.E.2d 460 (1994) ("it is now an open question whether the protections of Miranda extend to a claimant in a forfeiture action")) by, for example, asserting the fifth amendment in response to particular questions when filing their claims in the forfeiture proceeding. The defendants in the present case pursued neither of these courses of procedure. Instead, neither defendant established ownership of the forfeited property by filing a claim. Consequently, they have no standing to challenge the Illinois Act on the ground that it would have led to a violation of their fifth amendment right to be free from self-incrimination.
The defendants also contend that the holding in Torres, 28 F.3d 1463, and, thus, our subsequent holding in Towns, 269 Ill.App.3d 907, 207 Ill.Dec. 279, 646 N.E.2d 1366, is inconsistent with the trio of recent United States Supreme Court decisions on double jeopardy. Kurth Ranch, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767; Austin, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488; Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487. Specifically, the defendants maintain that Torres erroneously relied upon Serfass for the proposition that "`"[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy."'" Towns, 269 Ill.App.3d at 918, 207 Ill.Dec. 279, 646 N.E.2d 1366, quoting Torres, 28 F.3d at 1465, quoting Serfass, 420 U.S. at 391-92, 95 S.Ct. at 1064, 43 L.Ed.2d at 276. The defendants maintain that Serfass was a successive prosecution for the same offense, while Torres, Towns, and their own cases involve the double jeopardy protection against multiple punishments for the same offense when sought in separate proceedings. See Halper, 490 U.S. at 440, 109 S.Ct. at 1897, 104 L.Ed.2d at 496. For purposes of this appeal, we find this distinction immaterial. We determine that the general proposition in Serfass that there can be no double jeopardy without a former jeopardy (Serfass, 420 U.S. at 391-92, 95 S.Ct. at 1064, 43 L.Ed.2d at 276) is as appropriate to multiple punishments for the same offense when sought in separate proceedings as it is to successive prosecutions for the same offense.
We remain mindful of the pronouncement that "in determining whether a particular civil sanction constitutes criminal punishment, it is the purposes actually served by the sanction in question, not the underlying nature of the proceeding giving rise to the sanction, that must be evaluated." Halper, 490 U.S. at 447 n. 7, 109 S.Ct. at 1901 n. 7, 104 L.Ed.2d at 501 n. 7; see also In re P.S., 169 Ill.2d at 273, 214 Ill.Dec. 475, 661 N.E.2d 329. However, we hold that the filing of a claim in a civil forfeiture proceeding is a prerequisite to reaching the determination, in the subsequent criminal case, of whether that particular civil sanction constitutes a criminal punishment. See Towns, 269 Ill.App.3d at 918-19, 207 Ill.Dec. 279, 646 N.E.2d 1366. The law is clear that the issue of whether jeopardy attaches begins, rather than ends, the inquiry as to whether retrial is barred by double jeopardy. Serfass, 420 U.S. at 390, 95 S.Ct. at 1064, 43 L.Ed.2d at 275; People v. Ortiz, 151 Ill.2d 1, 10, 175 Ill.Dec. 695, 600 N.E.2d 1153 (1992).
Furthermore, the principle of stare decisis compels us to reaffirm the rule of law set forth in Towns, 269 Ill.App.3d 907, 207 Ill.Dec. 279, 646 N.E.2d 1366. Stare decisis is a policy of the courts to "stand by precedent and leave settled points of law undisturbed." Charles v. Seigfried, 165 Ill.2d 482, 492, 209 Ill.Dec. 226, 651 N.E.2d 154 (1995). Generally, absent compelling reasons for so doing, courts are reluctant to abandon or modify an earlier decision of the court soon *37 after its adoption. Moehle v. Chrysler Motors Corp., 93 Ill.2d 299, 304, 66 Ill.Dec. 649, 443 N.E.2d 575 (1982); People v. Jones, 177 Ill.App.3d 663, 670, 126 Ill.Dec. 858, 532 N.E.2d 543 (1988) (Unverzagt, J., specially concurring). The underlying principle of stare decisis is that "[t]he People and the bar of this State are entitled to rely upon our decisions with assurance that they will not be lightly overruled." Moehle, 93 Ill.2d at 304, 66 Ill.Dec. 649, 443 N.E.2d 575. While the application of stare decisis "cannot be so rigid as to incapacitate a court in its duty to develop the law" (Pasquale v. Speed Products Engineering, 166 Ill.2d 337, 349, 211 Ill.Dec. 314, 654 N.E.2d 1365 (1995)), we do not perceive that any serious detriment to justice which is prejudicial to the public interest (see Pasquale, 166 Ill.2d at 349, 211 Ill.Dec. 314, 654 N.E.2d 1365) results from application of the rule of law set forth in Towns, 269 Ill.App.3d 907, 207 Ill.Dec. 279, 646 N.E.2d 1366. Thus, we are compelled to affirm that decision.
The judgment of the circuit court of Du Page County is affirmed.
Affirmed.
GEIGER and HUTCHINSON, JJ., concur.