THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GILBERTO PORTUGUEZ, Defendant-Appellant.

Third District    No. 3—95—0614

Opinion filed June 26, 1996.

Fred M. Morelli, Jr. (argued), of Morelli, Cook & Petersen, of Aurora and Vincent C. Argento, of Elgin, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Gilberto Portuguez, was charged with unlawful possession of more than 900 grams of a substance containing cocaine with intent to deliver (720 ILCS 570/401(a)(2)(D) (West 1994)). He filed a motion to dismiss the charge based upon the forfeiture of a 1990 Ford Taurus and $1,072. The trial court denied the motion, and the defendant appeals.

Two issues are raised in this appeal: (1) whether this court has jurisdiction over the appeal; and (2) whether the defendant's motion to dismiss should have been granted based upon the double jeopardy clauses of the United States and Illinois Constitutions. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10.

Following our review of the record, we determine we have jurisdiction over this appeal because the notice of appeal was timely filed. Also, we find the trial court properly denied the defendant's motion to dismiss because the defendant failed to file a claim in the civil forfeiture proceedings. As a result, we affirm.

## FACTS

The defendant was charged by indictment on March 2, 1994. On May 26, 1995, he filed a motion to dismiss the charge. The defendant stated that he received a notice the forfeiture had been completed. He claimed the forfeiture was punishment and the double jeopardy clause prohibited a second punishment for the same offense.

On June 21, 1995, the defendant filed a memorandum in support of his motion. The defendant acknowledged that he did not file a claim in the civil forfeiture proceeding. The defendant asserted that the car was titled in his name and filed an affidavit stating the money

belonged to him. Following a hearing, the trial court denied the defendant's motion.

In an order dated July 21, 1995, the trial court found the defendant was in possession of the $1,072 at the time of his drug arrest. Also, the defendant arrived at the location of his arrest in a 1990 Ford Taurus that was titled in his name. The money and the car were seized by the police. Later, the property was administratively forfeited by the trial court. The court concluded that the double jeopardy clause did not apply in this case because the defendant failed to file a claim during the forfeiture proceedings.

The defendant filed a notice of appeal pursuant to Supreme Court Rule 604(f) (145 Ill. 2d R. 604(f)).

## DOUBLE JEOPARDY

The defendant claims that the charge against him must be dismissed based upon the double jeopardy clauses of the United States and Illinois Constitutions. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10. However, the defendant does not dispute the fact that he did not file a claim to contest the forfeiture of the property. We find the defendant's failure to file a claim in the civil forfeiture proceedings is dispositive of his appeal.

In *People v. Delatorre*, 279 Ill. App. 3d 1014 (1996), one defendant was served with notice of the forfeiture of $934, and a codefendant was served with notice of the forfeiture of a 1984 Ford truck. Neither defendant filed a claim to contest the forfeiture, and the defendants' money and truck were declared forfeited.

The court in *Delatorre* rejected the defendants' argument that the drug charges against them should be dismissed because of the forfeitures. The court determined "the filing of a claim in a civil forfeiture proceeding is a prerequisite to reaching the determination, in the subsequent criminal case, of whether that particular civil sanction constitutes a criminal punishment." *Delatorre*, 279 Ill. App. 3d at 1019. In reaching its conclusion, the court relied on its prior decision in *People v. Towns*, 269 Ill. App. 3d 907, 646 N.E.2d 1366 (1995), rev'd in part on other grounds *sub nom. In re P.S.*, 169 Ill. 2d 260, 661 N.E.2d 329 (1996), *petition for cert. filed* (March 7, 1996), and on *United States v. Torres*, 28 F.3d 1463 (7th Cir. 1994).

At oral argument, the defendant argued that *Delatorre, Towns* and *Torres* were incorrectly decided. The defendant contends that he was punished by the loss of his property *whether or not* he filed an ownership claim in the civil forfeiture proceedings. As a consequence, the defendant claims that prosecution for the drug offense would violate his double jeopardy protection against multiple punishments

for the same offense. The defendant points out that the double jeopardy clause protects against multiple punishments for the same offense when sought in separate proceedings. See *P.S.*, 169 Ill. 2d at 271-72, 661 N.E.2d at 335, *Delatorre*, 279 Ill. App. 3d at 1016.

The court in *Delatorre* considered and rejected the same argument the defendant raises in this appeal. The court in *Delatorre* relied on *Torres* and *Serfass v. United States*, 420 U.S. 377, 43 L. Ed. 2d 265, 95 S. Ct. 1055 (1975). According to the court in *Torres*, "[y]ou can't have double jeopardy without a former jeopardy. [Citation.] As a non-party, Torres was not at risk in the forfeiture proceeding, and '[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.' " *Torres*, 28 F.3d at 1465, quoting *Serfass*, 420 U.S. at 391-92, 43 L. Ed. 2d at 276, 95 S. Ct. at 1064. The court in *Delatorre* stated:

> "We determine that the general proposition in *Serfass* that there can be no double jeopardy without a former jeopardy [citation] is as appropriate to multiple *punishments* for the same offense when sought in separate proceedings as it is to successive prosecutions for the same offense." (Emphasis added.) *Delatorre*, 279 Ill. App. 3d at 1019.

We find the decision in *Delatorre* to be well reasoned. We adopt its analysis and follow its holding. As a result, we conclude that a claim must be filed in the civil forfeiture proceeding in order to raise a double jeopardy issue. See *Delatorre*, 279 Ill. App. 3d at 1019.

In the instant case, it is undisputed that the defendant did not file a claim to contest the administrative forfeiture. Based upon *Delatorre*, we reject the defendant's double jeopardy argument.

## CONCLUSION

Based upon the reasoning stated in the portion of this disposition which is nonpublishable under Supreme Court Rule 23 (166 Ill. 2d R. 23), we conclude that we have jurisdiction over this appeal. Also, for the reasons indicated, the judgment of the circuit court of Will County is affirmed.

Affirmed.

HOLDRIDGE, P.J., and SLATER, J., concur.