THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
ERIK FELIX, Defendant-Appellee.

Fourth District    Nos. 4—95—0607, 4—95—0608 cons.

Opinion filed July 26, 1996.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Randall Brinegar, of Danville, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In these consolidated cases, the trial court dismissed unrelated felony drug charges against defendant, Erik Felix, because (in each case) the State successfully sought forfeiture of defendant's cash and other property that was allegedly connected to the drug charges. In each case, the court held that the forfeitures barred prosecution, pursuant to the provisions of the United States and Illinois Constitutions which prohibit double jeopardy (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10).

The State appeals, and we reverse.

## I. BACKGROUND

### A. Case No. 4—95—0607

In March 1994, police seized $1,800 in cash and 1.6 grams of cocaine as a result of an investigation that ultimately led to felony drug charges against defendant. In June 1994, the State filed a complaint seeking forfeiture of the cash and cocaine pursuant to the provisions of the Illinois Controlled Substances Act (Controlled Substances Act) (720 ILCS 570/505 (West 1992)) and the Drug Asset Forfeiture Procedure Act (Forfeiture Act) (725 ILCS 150/1 *et seq.* (West 1992)). The complaint alleged that the cash was subject to forfeiture because (1) defendant used it or intended to use it to facilitate a violation of the Controlled Substances Act; or (2) it represented proceeds from violations of the Controlled Substances Act (725 ILCS 150/7(1) (West 1992)). In August 1994, a grand jury charged defendant with delivery of a controlled substance (720 ILCS 570/401(c)(2), (d) (West 1992)), and defendant filed a claim contesting forfeiture of the cash.

In December 1994, the trial court held a hearing on the forfeiture of the $1,800 cash, and in February 1995, the court entered a written order forfeiting the cash to the State.

In May 1995, defendant filed a motion to dismiss, alleging that the asset forfeiture constituted punishment for double jeopardy purposes and any subsequent prosecution for the same offense violated the double jeopardy clauses of the United States and Illinois Constitutions.

### B. Case No. 4—95—0608

In August 1994, police arrested defendant and charged him with unlawful possession of a controlled substance (720 ILCS 570/401(c) (West 1992)). As a result of that arrest, the State seized $633 cash, a cellular phone, a pager, and a vehicle. In November 1994, the State sought forfeiture of the seized items under the Controlled Substances Act and the Forfeiture Act.

In January 1995, defendant filed a claim contesting forfeiture of the $633 cash, the cellular phone, the pager, and the vehicle. In March 1995, by agreed order, the trial court entered judgment for the State regarding the $633 cash and the cellular phone. The remaining property was returned to defendant.

In June 1995, defendant filed a motion to dismiss, alleging that the asset forfeiture constituted punishment for double jeopardy purposes and any subsequent prosecution for the same offense violated the double jeopardy clauses of the United States and Illinois Constitutions.

The trial court consolidated this case and that underlying our case No. 4—95—0607, and, in July 1995, allowed defendant's motions.

## II. ANALYSIS

■ The double jeopardy clause of the fifth amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., amend. V. Protections against double jeopardy are similarly guaranteed by the Illinois Constitution of 1970, which provides that "[n]o person shall be *** twice put in jeopardy for the same offense." Ill. Const. 1970, art. I, § 10. In his motions to dismiss, defendant relied on both the federal and state constitutions. Neither the State nor defendant has argued, however, that a double jeopardy analysis under the state constitution should differ from such an analysis under the federal constitution. Therefore, we analyze the issue before us only under the double jeopardy clause of the fifth amendment to the federal constitution.

■ The United States Supreme Court has held that "the Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *United States v. Halper*, 490 U.S. 435, 440, 104 L. Ed. 2d 487, 496, 109 S. Ct. 1892, 1897 (1989). The present cases address the third of these protections, multiple punishments for the same offense.

■ The United States Supreme Court has long recognized that double jeopardy does not preclude the imposition of both a criminal and a civil sanction with respect to the same act, provided that the civil sanction does not constitute "punishment" for double jeopardy purposes. See *Halper*, 490 U.S. at 450, 104 L. Ed. 2d at 503, 109 S. Ct. at 1903; *In re P.S.*, 169 Ill. 2d 260, 272-73, 661 N.E.2d 329, 335-36 (1996). Thus, to resolve the question presented in this appeal, we

must determine whether the asset forfeitures in the present cases constitute punishment. The recent Supreme Court opinion in *United States v. Ursery*, 518 U.S. 267, 135 L. Ed. 2d 549, 116 S. Ct. 2135 (1996), guides our analysis. In *Ursery*, the Court reaffirmed its traditional understanding that *in rem* civil forfeitures, as in the present cases, do not constitute "punishment" for the purpose of the double jeopardy clause. *Ursery*, 518 U.S. at 271, 135 L. Ed. 2d at 557, 116 S. Ct. at 2138. Consistent with that reaffirmation, we reverse the dismissals in these cases because they were based upon *in rem* civil forfeitures.

In *Ursery*, the Court provided an historical overview of its civil forfeiture cases, stating as follows:

"Our cases reviewing civil forfeitures under the Double Jeopardy Clause adhere to a remarkably consistent theme. \*\*\* [T]he conclusion [is] the same in each case: *in rem* civil forfeiture is a remedial civil sanction, distinct from potentially punitive *in personam* civil penalties such as fines, and does not constitute a punishment under the Double Jeopardy Clause." *Ursery*, 518 U.S. at 278, 135 L. Ed. 2d at 562, 116 S. Ct. at 2142.

The Court specifically reaffirmed its unanimous decision in *Various Items of Personal Property v. United States*, 282 U.S. 577, 75 L. Ed. 558, 51 S. Ct. 282 (1931), in which the Court held as follows:

" '[This] forfeiture proceeding \*\*\* is *in rem*. It is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient. In a criminal prosecution[,] it is the wrongdoer in person who is proceeded against, convicted[,] and punished. *The forfeiture is no part of the punishment for the criminal offense. The provision of the Fifth Amendment to the Constitution in respect of double jeopardy does not apply.*' " (Emphasis in original.) *Ursery*, 518 U.S. at 275, 135 L. Ed. 2d at 559, 116 S. Ct. at 2140, quoting *Various Items*, 282 U.S. at 581, 75 L. Ed. at 561, 51 S. Ct. at 284.

The Court in *Ursery* also distinguished three of its cases upon which numerous federal and state courts premised their holdings that asset forfeiture could constitute punishment for double jeopardy purposes (see appendix). First, the Supreme Court distinguished *Halper* on the ground that it involved a civil penalty (a statutory penalty imposed pursuant to the false claims statute (31 U.S.C. §§ 3729 through 3731 (1982)), not a civil forfeiture. *Ursery*, 518 U.S. at 279, 135 L. Ed. 2d at 562, 116 S. Ct. at 2143. Second, the Court stated that its decision in *Austin v. United States*, 509 U.S. 602, 125 L. Ed. 2d 488, 113 S. Ct. 2801 (1993), addressed only whether a civil forfeiture could violate the excessive fines clause of the federal constitu-

tion (U.S. Const. amend. VIII) and did not concern the double jeopardy clause at all. *Ursery*, 518 U.S. at 281, 135 L. Ed. 2d at 563, 116 S. Ct. at 2143. Third, the Court explained that it based its finding of double jeopardy in *Department of Revenue v. Kurth Ranch*, 511 U.S. 767, 128 L. Ed. 2d 767, 114 S. Ct. 1937 (1994), on the "penal and prohibitory intent" of the drug tax (noting that only a person charged with a criminal offense was subject to the tax, and the taxpayer did not possess or own the drugs when the tax was assessed), which made the tax proceeding the " 'functional equivalent of a successive criminal prosecution.' " *Ursery*, 518 U.S. at 281, 135 L. Ed. 2d at 564, 116 S. Ct. at 2144, quoting *Kurth Ranch*, 511 U.S. at 805, 128 L. Ed. 2d at 795, 114 S. Ct. at 1959.

The Supreme Court's decision in *Ursery* makes clear that *in rem* civil forfeitures do not implicate double jeopardy. The Court's holding implicitly overrules *P.S.*, in which the Supreme Court of Illinois determined that asset forfeitures could constitute punishment for double jeopardy purposes. *P.S.*, 169 Ill. 2d at 282, 661 N.E.2d at 340. The Supreme Court of Illinois relied in *P.S.* upon *Halper, Kurth Ranch*, and particularly *Austin*, noting—consistent with the holdings of many courts from other jurisdictions—that "[a] fair reading of *Austin* is that it resolves the 'punishment' issue with respect to forfeitures for double jeopardy purposes." *P.S.*, 169 Ill. 2d at 285, 661 N.E.2d at 341.

In *P.S.*, the Supreme Court of Illinois explicitly overruled *People v. 1988 Mercury Cougar*, 154 Ill. 2d 27, 607 N.E.2d 217 (1992), which had previously defined Illinois law on asset forfeiture prior to *Halper, Kurth Ranch*, and *Austin. P.S.*, 169 Ill. 2d at 284, 661 N.E.2d at 341. We note that the United States Supreme Court has vacated *P.S.* and remanded it for further consideration in view of *Ursery. Mercury Cougar* relied in part on *Various Items* in holding that *in rem* forfeiture proceedings do not violate the ban on double jeopardy. Because in *Ursery* the United States Supreme Court reaffirmed its decision in *Various Items*, we conclude that *Mercury Cougar* once again embodies Illinois law on this issue, which is that an *in rem* asset forfeiture does not implicate double jeopardy.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgments.

Reversed.

COOK, P.J., and KNECHT, J., concur.

## APPENDIX

### The Effect of *Halper* and *Austin* on State and Federal Courts of Review

In delivering the Court's unanimous opinion in *Halper*, a case involving a statutory penalty imposed pursuant to the false claims statute, Justice Blackmun wrote that "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term." *Halper*, 490 U.S. at 448, 104 L. Ed. 2d at 502, 109 S. Ct. at 1902. Justice Blackmun also wrote the opinion in *Austin*, where the United States Supreme Court determined that a civil forfeiture could violate the excessive fines clause of the federal constitution, and he quoted the above passage from *Halper*, emphasizing the word "solely." *Austin*, 509 U.S. at 622, 125 L. Ed. 2d at 505, 113 S. Ct. at 2812, quoting *Halper*, 490 U.S. at 448, 104 L. Ed. 2d at 502, 109 S. Ct. at 1902.

This language has led many courts to believe that *Austin* and *Halper* stood for the proposition that an *in rem* forfeiture *could* constitute punishment under certain circumstances, thereby implicating the double jeopardy clause. A *partial* list of state and federal courts of review so indicating is as follows:

*United States v. Stoller*, 78 F.3d 710 (1st Cir. 1996).

*United States v. All Assets of G.P.S. Automotive Corp.*, 66 F.3d 483, 490 (2d Cir. 1995) (noting "some forfeitures can be punitive").

*United States v. $184,505.01 in U.S. Currency*, 72 F.3d 1160 (3d Cir. 1995) (acknowledging that forfeitures could constitute double jeopardy if they are punitive).

*United States v. Cullen*, 979 F.2d 992 (4th Cir. 1992).

*United States v. Perez*, 70 F.3d 345, 348 (5th Cir. 1995) ("the governing legal standard for resolving [when a civil penalty may constitute punishment for double jeopardy purposes] is whether the civil sanction serves solely a remedial purpose").

*United States v. Ursery*, 59 F.3d 568 (6th Cir. 1995).

*Smith v. United States*, 76 F.3d 879 (7th Cir. 1996).

*United States v. Clementi*, 70 F.3d 997 (8th Cir. 1995).

*United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210, 1221-22 (9th Cir. 1994) (*in rem* civil forfeiture constitutes punishment for double jeopardy purposes).

*United States v. Cordoba*, 71 F.3d 1543 (10th Cir. 1995) (double jeopardy applies to *in rem* forfeiture proceedings when the forfeiture constitutes punishment).

*United States v. El-Difrawi*, 898 F. Supp. 3 (D.C. Cir. 1995) (*Austin* extended the *Halper* standard to *in rem* forfeitures).

*State v. Leyva*, 184 Ariz. App. 439, 909 P.2d 506 (1995).

*People v. $1,930 U.S. Currency*, 38 Cal. App. 4th 834, 45 Cal. Rptr. 2d 322 (1995).

*People v. Marmon*, 903 P.2d 651 (Colo. 1995).

*Waye v. State*, 219 Ga. App. 22, 464 S.E.2d 19 (1995) (*in rem* forfeiture may constitute punishment for double jeopardy purposes when imposed for retribution and deterrence).

*In re P.S.*, 169 Ill. 2d 260, 661 N.E.2d 329 (1996).

*State v. McFarlin*, 542 N.W.2d 559, 562 (Iowa 1996) (stating, "we must classify a civil forfeiture *** of a controlled substance and the accompanying proceeds from illegal sales as punishment [in some circumstances]").

*State v. 1979 Cadillac DeVille*, 632 So. 2d 1221 (La. App. 1994).

*People v. Hellis*, 211 Mich. App. 634, 536 N.W.2d 587 (1995).

*State v. Rosenfeld*, 540 N.W.2d 915 (Minn. App. 1995).

*State v. Williams*, 286 N.J. Super. 507, 669 A.2d 867 (1995).

*District Attorney v. Iadarola*, 164 Misc. 2d 204, 623 N.Y.S.2d 999 (N.Y. Sup. Ct. 1995).

*State v. 1989 Ford F-150 Pickup*, 888 P.2d 1036 (Okla. Ct. App. 1994).

*Commonwealth v. Wingait Farms*, 659 A.2d 584 (Pa. Commw. 1995).

*State v. One Lot of $8,560 U.S. Currency*, 670 A.2d 772 (R.I. 1996).

*Fant v. State*, 881 S.W.2d 830, 834 (Tex. Ct. App. 1994) ("[I]n light of the *** Supreme Court decisions [in *Halper* and *Austin*], we must conclude that appellant has already been punished for his criminal conduct by the forfeiture of his property [$3,823 and a cellular phone], and the Double Jeopardy Clause *** prohibits further punishment by the State for the same incident").

*State v. Davis*, 903 P.2d 940 (Utah 1995) (*in rem* civil forfeiture constitutes punishment, and subsequent criminal proceeding is barred by the double jeopardy clause).

*State v. Cole*, 128 Wash. 2d 262, 906 P.2d 925 (1995).

*State v. Riley*, 166 Wis. 2d 299, 479 N.W.2d 234 (1991).

This list of cases—all of which cited the "*solely* for remedial purposes" standard gleaned from the Supreme Court's decisions in *Halper* and *Austin*—is hardly exhaustive. Seeing the extent of this list, one might reasonably conclude that perhaps something the Supreme Court said contributed to this "confusion." Yet, the Supreme Court assures us that no basis exists for such a conclusion, writing as follows:

"We think that the Court of Appeals for the Sixth Circuit and the Court of Appeals for the Ninth Circuit misread *Halper, Austin,*

and *Kurth Ranch*. None of those decisions purported to overrule the well-established teaching of *Various Items, Emerald Cut Stones,* and *89 Firearms*. ***

\* \* \*

In sum, nothing in *Halper, Kurth Ranch*, or *Austin*, purported to replace our traditional understanding that civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause. *** It would have been quite remarkable for this Court both to have held unconstitutional a well-established practice, and to have overruled a long line of precedent, without having even suggested that it was doing so." *Ursery*, 518 U.S. at 281-88, 135 L. Ed. 2d at 564-68, 116 S. Ct. at 2144-47.

Enough said.