THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOE C. DANIELS, Defendant-Appellant.

Second District   No. 2—95—1190

Opinion filed September 25, 1996.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Anthony M. Peccarelli, State's Attorney, of Wheaton (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

In March 1995, defendant, Joe C. Daniels, was indicted with one count of unlawful delivery of more than 15 grams but less than 100 grams of a controlled substance (cocaine) (720 ILCS 570/401(a)(2)(A) (West 1992)), and two counts of unlawful delivery of more than 1 gram but less than 15 grams of a controlled substance (cocaine) (720 ILCS 570/401(c)(2) (West 1992)). Defendant moved to dismiss the criminal prosecution against him on the basis of former jeopardy, arguing that, because a vehicle titled in his name and seized at the time of his arrest was forfeited, the seizure and forfeiture constituted punishment for the same conduct as the criminal offenses and barred

further prosecution against him. After a hearing on September 14, 1995, the circuit court denied defendant's motion, and he timely appealed (see 145 Ill. 2d R. 604(f)). We affirm and remand for further proceedings.

The operative facts gleaned from the record are brief and undisputed. When defendant was arrested, a 1978 Oldsmobile coupe bearing the vehicle identification number 3N37K8C149983 was seized. The State sent defendant a notice of a pending forfeiture, but he did not file a claim for the vehicle. Defendant subsequently received a declaration of forfeiture advising him that the car was forfeited on May 26, 1995, pursuant to the Illinois Drug Asset Forfeiture Procedure Act (Forfeiture Act) (725 ILCS 150/1 *et seq.* (West 1992)).

■ Under the provisions of the Forfeiture Act, the State's Attorney may initiate a nonjudicial forfeiture proceeding against personal property subject to forfeiture in connection with a drug offense if the property does not exceed $20,000 in value, excluding the value of any conveyance. 725 ILCS 150/6 (West 1992). The State's Attorney gives statutory notice of the pending forfeiture to known and unknown owners and interest holders of the property, who may then file a claim against the property within 45 days of the effective date of the notice. 725 ILCS 150/4, 6(B), 6(C)(1) (West 1992). If the claimant properly files a claim, the State's Attorney then initiates a judicial *in rem* forfeiture proceeding for the court to adjudicate whether the property should be forfeited. If no claim is timely made, the State's Attorney declares the property forfeited administratively and disposes of the property in accordance with the law. 725 ILCS 150/6(C), 6(D) (West 1992). Here, defendant did not file a claim against the forfeited automobile, and it was administratively forfeited.

On appeal, defendant argues that, under the holding of our state supreme court in *In re P.S.*, 169 Ill. 2d 260 (1996), the forfeiture of defendant's automobile must be deemed punishment for double jeopardy purposes, and defendant's right to dismissal of the criminal charges should not have been denied on the ground that defendant did not claim the property, since the forfeited auto was a titled vehicle which, according to defendant, distinguishes this case from this court's ruling in *People v. Towns*, 269 Ill. App. 3d 907, 918-19 (1995), *rev'd in part on other grounds sub nom. In re P.S.*, 169 Ill. 2d 260 (1996), *vacated in part & remanded sub nom. Illinois v. Kimery*, 518 U.S. 1031, 135 L. Ed. 2d 1092, 116 S. Ct. 2577 (1996) (mem.). Defendant also relies on *United States v. Ursery*, 59 F.3d 568 (6th Cir. 1995) (where government instituted civil forfeiture action against Ursery's

property alleging it had been used to facilitate drug offenses and defendant agreed to settle the claim, appeals court concluded that forfeiture and criminal conviction were punishment for the same offense and violated prohibition against double jeopardy; jeopardy attached when forfeiture judgment was entered; conviction and sentence vacated). However, during the pendency of this appeal the appellate decision in *Ursery* was reversed by *United States v. Ursery*, 518 U.S. 267, 135 L. Ed. 2d 549, 116 S. Ct. 2135 (1996).

In *P.S.*, a consolidated case, our state supreme court affirmed this court's judgment (No. 2—93—1212) with respect to defendant John Kimery, who was charged with unlawful possession of a controlled substance (Ill. Rev. Stat. 1991, ch. 56$^{1}$/₂, par. 1402(c) (now 720 ILCS 570/402(c) (West 1992))). Kimery's automobile was seized in connection with the charge and was eventually forfeited to the State in an *in rem* proceeding in which Kimery filed a claim for the property. We vacated Kimery's conviction and sentence and dismissed the criminal charge against him after concluding that criminally prosecuting Kimery following the forfeiture of his car violated the double jeopardy clause. However, our supreme court's judgment affirming our decision was later vacated by the United States Supreme Court with respect to Kimery. *In re P.S.*, 269 Ill. App. 3d 1138 (1995) (unpublished order under Supreme Court Rule 23), *aff'd in part & rev'd in part & remanded*, 169 Ill. 2d 260 (1996), *vacated in part & remanded sub nom. Illinois v. Kimery*, 518 U.S. 1031, 135 L. Ed. 2d 1092, 116 S. Ct. 2577 (1996) (mem.). We concluded in *P.S.* and *Towns* that the *in rem* forfeiture of a defendant's property in a separate civil proceeding barred further criminal prosecution of the defendant for the underlying drug offense on double jeopardy grounds because it would constitute additional punishment. As many other jurisdictions had done, we reached this conclusion after interpreting and attempting to harmonize the holdings of *Department of Revenue v. Kurth Ranch*, 511 U.S. 767, 128 L. Ed. 2d 767, 114 S. Ct. 1937 (1994), *Austin v. United States*, 509 U.S. 602, 125 L. Ed. 2d 488, 113 S. Ct. 2801 (1993), and *United States v. Halper*, 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892 (1989).

Our supreme court similarly concluded that further prosecution of Kimery following the civil *in rem* forfeiture of his vehicle was prohibited by the double jeopardy clause, but reached a different conclusion as to defendants P.S. and Roderick Turner, finding that the conduct leading to the forfeitures in their cases was different from the conduct constituting the criminal offenses. *In re P.S.*, 169 Ill. 2d 260. From the subsequent history of *P.S.*, which occurred during the pendency of the present appeal, it appears to us that the por-

tion of the decision in *P.S.* pertaining to Kimery is no longer good law.

In *People v. Towns*, 269 Ill. App. 3d at 918-19, a consolidated case, we concluded that defendant Towns' failure to make a claim to the $411 in cash that was seized from him at the time of his arrest rendered him a nonparty to the forfeiture proceeding; the forfeiture was not a punishment as to him because he was never "in jeopardy" in the forfeiture proceeding. We therefore affirmed his subsequent conviction (No. 2—93—1376). *Towns*, 269 Ill. App. 3d at 919. In that same case, defendant Roderick Turner was arrested on a drug charge, and he appeared to contest the forfeiture of $2,165 seized at the time of his arrest. We concluded that the double jeopardy prohibition against multiple punishments protected defendant Turner from further prosecution. The State appealed the judgment as to defendant Turner; Towns was not a party to the appeal. *In re P.S.*, 169 Ill. 2d 260. Thus, it appears that the portion of the decision in *Towns* regarding defendant Towns, who failed to contest the forfeiture, is still good law. *Towns*, 269 Ill. App. 3d at 918-19; accord *People v. Delatorre*, 279 Ill. App. 3d 1014, 1019 (1996).

In the present case, we affirm the trial court's decision on two grounds. First, recent jurisprudence in the law of double jeopardy conclusively reestablishes that, absent exceptional circumstances, a civil *in rem* forfeiture of a defendant's property will not ordinarily be deemed a "punishment" for double jeopardy purposes even though the forfeiture arises from the same unlawful conduct which is the subject of a separate criminal prosecution of the defendant. *United States v. Ursery*, 518 U.S. 267, 135 L. Ed. 2d 549, 116 S. Ct. 2135 (1996). We also find no meaningful distinction between titled property, such as a vehicle, and cash that prevents us from concluding that the forfeiture is not punishment for double jeopardy purposes.

Additionally, because defendant never became a party-claimant in the administrative forfeiture proceeding, no jeopardy attached as to him; defendant was not "at risk" for double jeopardy purposes. *People v. Smith*, 275 Ill. App. 3d 844, 851-52 (1995); *Towns*, 269 Ill. App. 3d at 918-19 (defendant Towns, a nonparty, was not at risk for double jeopardy purposes), *rev'd in part on other grounds sub nom. In re P.S.*, 169 Ill. 2d 260 (1996), *vacated in part & remanded sub nom. Illinois v. Kimery*, 518 U.S. 1031, 135 L. Ed. 2d 1092, 116 S. Ct. 2577 (1996) (mem.); accord *People v. Delatorre*, 279 Ill. App. 3d 1014, 1019 (1996); see *People v. Krizek*, 271 Ill. App. 3d 533, 538-39 (1995) (temporary deprivation of use of property seized by State upon probable cause for forfeiture was not punishment of defendant for double jeopardy purposes).

## I. CIVIL *IN REM* FORFEITURE IS NOT PUNISHMENT FOR DOUBLE JEOPARDY PURPOSES

■ The civil *in rem* seizure and forfeiture of defendant's vehicle in the instant case did not constitute a criminal punishment for double jeopardy purposes. The double jeopardy clauses of the federal and state constitutions are designed to protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense when sought in separate proceedings. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10; *Halper*, 490 U.S. at 440, 104 L. Ed. 2d at 496, 109 S. Ct. at 1897; *North Carolina v. Pearce*, 395 U.S. 711, 717, 23 L. Ed. 2d 656, 664-65, 89 S. Ct. 2072, 2076 (1969). The third of these protections, which is the subject of this appeal, prohibits punishing twice, or attempting a second time to punish *criminally*, for the same offense. *Halper*, 490 U.S. at 442, 104 L. Ed. 2d at 498, 109 S. Ct. at 1898.

■ In *United States v. Ursery* the Supreme Court reaffirmed the two-part test to be applied in determining whether a civil *in rem* forfeiture amounts to criminal punishment for double jeopardy purposes. *Ursery*, 518 U.S. at 288, 135 L. Ed. 2d at 568, 116 S. Ct. at 2147, relying on *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 79 L. Ed. 2d 361, 104 S. Ct. 1099 (1984). Under this test, a court must first determine the legislative intent of the forfeiture proceeding. The question is whether the forfeiture proceeding is intended to be, or by its nature necessarily is, criminal and punitive, or civil and remedial. *Ursery*, 518 U.S. at 277, 288, 135 L. Ed. 2d at 561, 568, 116 S. Ct. at 2141-42, 2147, relying on *89 Firearms*, 465 U.S. at 362-63, 79 L. Ed. 2d at 368, 104 S. Ct. at 1105.

Second, the court must determine whether the forfeiture proceeding is so punitive in fact as to persuade the court that the proceeding may not legitimately be viewed as civil and remedial in nature despite the legislature's intent. *Ursery*, 518 U.S. at 288, 135 L. Ed. 2d at 568, 116 S. Ct. at 2147, relying on *89 Firearms*, 465 U.S. at 365-66, 79 L. Ed. 2d at 370-71, 104 S. Ct. at 1106-07 (whether the statutory scheme is so punitive either in purpose or effect as to negate Congress' intention to establish a civil remedial mechanism). The defendant or claimant must show by the "clearest proof" that the forfeiture proceeding is "so punitive in form and effect as to render [it] criminal" despite the legislature's intent to the contrary. *Ursery*, 518 U.S. at 289, 135 L. Ed. 2d at 569, 116 S. Ct. at 2148, relying on *89 Firearms*, 465 U.S. at 366, 79 L. Ed. 2d at 371, 104 S. Ct. at 1107. Applying this two-part test to civil forfeitures of property used or intended to be used to facilitate federal drug offenses or in violation of money-

laundering provisions, the Supreme Court in *Ursery* held that in the cases before it the *in rem* civil forfeitures were neither punishment nor criminal in nature for double jeopardy purposes.

## A. Legislative Intent

■ In applying this two-part test to the present case, it is clear to us that the *in rem* forfeiture proceeding here is civil and remedial in nature. Illinois' Forfeiture Act (725 ILCS 150/1 *et seq.* (West 1994)) is similar to the federal statutory scheme at issue in *Ursery* where the Court found the proceeding to be civil, *in rem*, and remedial rather than criminal in nature. *Ursery*, 518 U.S. at 288-89, 135 L. Ed. 2d at 568-69, 116 S. Ct. at 2147-48; see also *Smith*, 275 Ill. App. 3d at 849; 725 ILCS 150/2, 6 (West 1992).

Under the Illinois Controlled Substances Act (Controlled Substances Act) (720 ILCS 570/100 *et seq.* (West 1992)), property subject to forfeiture includes, among other things, everything of value furnished, or intended to be furnished, in exchange for a controlled substance in violation of the Controlled Substances Act and all proceeds traceable to such an exchange; and all moneys used or intended to be used, to commit, or in any manner to facilitate, any violation of the Controlled Substances Act. See 720 ILCS 570/505(a) (West 1992) (enumerating as forfeitable personal and real property used or intended to be used in any manner to commit or to facilitate the commission of a drug offense). The property may be seized if there is "probable cause" to believe that the property is subject to forfeiture under the Controlled Substances Act. 720 ILCS 570/505(b)(4) (West 1992). An *in rem* judicial proceeding is available to any owner or interest holder of the property who properly files a claim against seized property. At the nonjury hearing before the court, the State must show the existence of probable cause to forfeit the property; then the claimant has the burden of showing by a preponderance of the evidence that his or her interest in the property is exempt from forfeiture. *Krizek*, 271 Ill. App. 3d at 538; 725 ILCS 150/9(F), (G) (West 1992).

The property may be declared administratively forfeited in a nonjudicial proceeding if no owner or known interest holder makes a timely claim within the 45-day period; the State need only notify known owners or interest holders in accordance with the statute. 725 ILCS 150/4 (West 1992). Since no one ever need file a claim, it is clear that the scheme is *in rem* and is directed at the property itself; it is not *in personam* and is not directed personally against an accused. As in *Ursery*, the Illinois proceeding is clearly civil in nature and is not intended to sanction criminally a particular defendant.

*Ursery*, 518 U.S. at 288-89, 135 L. Ed. 2d at 568-69, 116 S. Ct. at 2147-48.

At this juncture, we observe that, because the United States Supreme Court has vacated the judgment against John Kimery in *In re P.S.*, 169 Ill. 2d 260 (1996), *vacated in part & remanded sub nom. Illinois v. Kimery*, 518 U.S. 1031, 135 L. Ed. 2d 1092, 116 S. Ct. 2577 (1996) (mem.), and has remanded that cause to the supreme court of Illinois for reconsideration in the light of *Ursery*, we believe that the *Kimery* decision has revived the validity of our state supreme court's previous legal analysis of civil *in rem* forfeitures in *People v. 1988 Mercury Cougar*, 154 Ill. 2d 27 (1992) (forfeiture proceeding against instrumentality of a crime is civil and *in rem* in nature and precludes double jeopardy protection; forfeiture is remedial). See *People v. Felix*, 282 Ill. App. 3d 621 (1996) (finding that *Mercury Cougar*, which was overruled in *P.S.*, now again correctly embodies the law following *Ursery*).

### B. Punitive Effect Despite Legislative Intent

Under the second prong of the *89 Firearms* test, we next determine whether the statutory scheme is "so punitive" either in purpose or effect as to negate the legislative intent to establish a civil remedial mechanism. *Ursery*, 518 U.S. at 277, 135 L. Ed. 2d at 561, 116 S. Ct. at 2142, citing *89 Firearms*, 465 U.S. at 365, 79 L. Ed. 2d at 370, 104 S. Ct. at 1106. As in *Ursery*, we conclude that there is little evidence, much less the "clearest proof," that the Illinois forfeiture proceeding is so punitive in form and effect as to render it criminal despite the legislature's intent. The court examines whether the statutory scheme has important nonpunitive goals even though it may have certain punitive aspects. Here, the forfeiture provisions serve important nonpunitive goals. The legislature has declared that the beneficial purpose of the Forfeiture Act is to deter "the rising incidence of the abuse and trafficking of" controlled substances. 725 ILCS 150/2 (West 1992). The forfeiture provisions are intended to remove the instrumentalities of drug crimes, making it more difficult for the crimes to be repeated. *1988 Mercury Cougar*, 154 Ill. 2d at 37-38. As in their federal counterparts, the Illinois forfeiture provisions encourage the owner to take care that his or her property is not used for illegal purposes; and the provisions also serve the nonpunitive goal of ensuring that persons do not profit from their illegal acts. See *Ursery*, 518 U.S. at 290-91, 135 L. Ed. 2d at 569-70, 116 S. Ct. at 2148-49.

Additionally, civil *in rem* forfeitures have not historically been regarded as punishment for double jeopardy purposes, and the State

does not have to demonstrate *scienter* in order to establish that the property is subject to forfeiture. The property may be subject to forfeiture even if no party files a claim to it; the State never need show any connection between the property and a particular person. Though the forfeiture provisions provide an "innocent owner" exception (725 ILCS 150/8 (West 1992)), these exceptions, without a greater indication of punitive intent, are not dispositive of the intent to punish an accused for double jeopardy purposes. Like a criminal sanction, a civil sanction may also have deterrent purposes. Finally, even though the forfeiture provisions are tied to the commission of criminal activity, this fact is insufficient to render the provisions punitive, as the legislature may impose both criminal and civil sanctions with respect to the same act or omission. See *Ursery*, 518 U.S. at 290-92, 135 L. Ed. 2d at 569-71, 116 S. Ct. at 2148-49.

We conclude that, under the second prong of the test, the forfeiture of the vehicle is a remedial civil sanction. Defendant has failed to demonstrate with the "clearest proof" that the forfeiture of the vehicle amounted to a criminal punishment for double jeopardy purposes. He has presented no compelling reasons which would alter our conclusion. We hold that the seizure and the civil *in rem* forfeiture of the vehicle were neither "punishment" nor "criminal" for double jeopardy purposes.

## II. JEOPARDY DID NOT ATTACH BECAUSE DEFENDANT WAS A NONPARTY

■ This court has ruled that the seizure and forfeiture of property in a civil *in rem* forfeiture proceeding—even if later declared void *ab initio* for lack of notice—do not amount to punishment for double jeopardy purposes since the defendant has not become a party to the proceeding. *People v. Smith*, 275 Ill. App. 3d 844, 851-52 (1995); *People v. Towns*, 269 Ill. App. 3d 907, 918-19 (1995), *rev'd in part on other grounds sub nom. In re P.S.*, 169 Ill. 2d 260 (1996), *vacated in part & remanded sub nom. Illinois v. Kimery*, 518 U.S. 1031, 135 L. Ed. 2d 1092, 116 S. Ct. 2577 (1996) (mem.); accord *Delatorre*, 279 Ill. App. 3d at 1019; see also *Krizek*, 271 Ill. App. 3d 533 (temporary deprivation of use of property not punishment for double jeopardy purposes).

In *Delatorre*, the defendants were charged with the unlawful delivery of cannabis (720 ILCS 550/5 (West 1992)). Defendant Israel was served with a notice of forfeiture of $934, and defendant Martin was served with a notice of forfeiture of a 1984 Ford F150 truck. Neither defendant filed a claim as required to contest the forfeiture under the Forfeiture Act (725 ILCS 150/6(C) (West 1992)). The State's

Attorney thereupon declared the cash and the truck administratively forfeited. There, as here, the trial court denied the defendants' motions to dismiss the criminal prosecution against them because they did not file claims in the forfeiture proceeding. Relying on *Towns*, 269 Ill. App. 3d at 918, which adopted the rationale of *United States v. Torres*, 28 F.3d 1463 (7th Cir. 1994), we concluded in *Delatorre* that, as nonparties, the defendants were not at risk in the forfeiture proceedings and, without the risk of a determination of guilt, jeopardy did not attach. *Delatorre*, 279 Ill. App. 3d at 1017, 1019. We also found that this rule applied equally to claims of multiple punishment for the same offense as well as to multiple prosecutions. We held that a defendant's filing of a claim in a civil forfeiture proceeding is a prerequisite to reaching the determination, in a subsequent criminal case, of whether that particular civil sanction constitutes a criminal punishment of the defendant. *Delatorre*, 279 Ill. App. 3d at 1019. We reaffirm that holding and find it applicable to the case now before us. The courts in *Ursery* and *Delatorre* chose not to distinguish between forfeitures of cash or titled property such as a vehicle. We find this distinction immaterial in the present case. The forfeiture proceeding is directed at the property itself, not at the owners or interest holders—whether they are known or unknown. If an owner is aggrieved by the seizure of his property, the remedy is to appear timely in the forfeiture proceeding to make a proper claim. See *Krizek*, 271 Ill. App. 3d at 539.

We affirm the order of the circuit court of Du Page County denying defendant's motion to dismiss the prosecution, and we remand the cause for further proceedings.

Affirmed and remanded.

DOYLE and HUTCHINSON, JJ., concur.