THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRENDA M. JONES, Defendant-Appellant.

Second District   No. 2—87—0002

Opinion filed December 22, 1988.

UNVERZAGT, J., specially concurring.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert F. Casey and Gary V. Johnson, State's Attorneys, of Geneva (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:[1]

Defendant, Brenda M. Jones, was found guilty following a jury trial in the circuit court of Kane County of unlawful delivery of a substance containing less than 15 grams of cocaine (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(a)(2)). She was sentenced to a 30-month probationary term, conditioned, in part, upon receiving a drug and alcohol evaluation from the Kane County Diagnostic Center and upon her following its recommended course of treatment.

On appeal, defendant raises two issues: (1) whether she should receive a new trial because, although the trial judge made findings which amounted to a determination that the prosecutor failed to provide a neutral explanation for his peremptory challenge of the only

---

[1]Supplemental opinion published at 185 Ill. App. 3d 208.

black person in the venire, he misapplied the law and denied her motion for a mistrial; and (2) whether the trial court improperly delegated its sentencing authority by ordering defendant, as a condition of probation, to submit to a drug evaluation program and to comply with any treatment recommended by the program.

During *voir dire*, the prosecuting attorney exercised a peremptory challenge against Donald Sivels, the only black member of the venire. Defendant is also black. At that point, defense counsel asked, pursuant to *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, to hear an explanation as to why Sivels was excused. He noted that defendant and Sivels were of an identifiable racial grouping, that Sivels was the only black man in the venire, and that *Batson* allowed him to shift the burden to the State to explain the challenge.

The trial judge responded that he believed it was up to the assistant State's Attorney to offer an explanation of why he excused Sivels. The assistant State's Attorney stated, in this regard, that he challenged Sivels because Sivels demonstrated a hesitancy when answering questions concerning whether or not he had strong feelings about the sale or possession of illegal drugs. He further maintained that he was concerned because Sivels had previously served on a civil jury and that he was afraid Sivels would confuse the burdens between the civil and criminal cases.

At that time, the trial judge stated that, although he was not totally familiar with the *Batson* decision, he believed, based on the questioning and answers of Sivels, that there had not been a showing of cause to excuse Sivels. He also noted that if he had been the assistant State's Attorney, he would not have excused Sivels by use of a peremptory challenge. Defense counsel then moved for a mistrial which was denied. In denying defendant's motion, the trial judge stated that the assistant State's Attorney "has a right to make peremptory challenges and he has exercised that right." Defendant was subsequently found guilty, and, as no issue is raised on the trial proceedings, we need not summarize the evidence adduced.

■ In *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, the United States Supreme Court held that a defendant may establish a *prima facie* case of purposeful discrimination in jury selection by the prosecuting attorney solely on the basis of evidence relating to the prosecutor's use of peremptory challenges at defendant's trial. (*Batson*, 476 U.S. at 96, 90 L. Ed. 2d at 87-88, 106 S. Ct. at 1722-23.) The court stated further, that, in order to establish a *prima facie* case, the defendant must demonstrate that she is a

member of a cognizable racial group and that the prosecutor has used peremptory challenges to remove members of that group from the venire. Defendant is entitled to rely upon the fact that the existence of peremptory challenges enables those who are of a mind to discriminate in the jury selection process to do so. Defendant must show that these and any other relevant facts raise an inference that the prosecutor used peremptory challenges to exclude members of the venire from the jury on account of their race. 476 U.S. at 96, 90 L. Ed. 2d at 87-88, 106 S. Ct. at 1723.

The court stated in *Batson* that a pattern of strikes on the part of the prosecutor against members of defendant's race might give rise to an inference of purposeful discrimination, and the prosecutor's statements and questions during *voir dire* might either support or refute such an inference. (476 U.S. at 97, 90 L. Ed. 2d at 88, 106 S. Ct. at 1723.) The court further stated:

> "These examples are merely illustrative. We have confidence that trial judges, experienced in supervising voir dire, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates [*sic*] a prima facie case of discrimination against black jurors." 476 U.S. at 97, 90 L. Ed. 2d at 88, 106 S. Ct. at 1723.

If the defendant establishes a *prima facie* case of purposeful discrimination, the burden shifts to the prosecutor to articulate a neutral explanation for challenging the juror or jurors. (476 U.S. at 97, 90 L. Ed. 2d at 88, 106 S. Ct. at 1723.) The State contends that defendant failed to establish a *prima facie* case of purposeful discrimination and that the prosecutor provided two legitimate neutral explanations for exercising a peremptory challenge against Donald Sivels.

Our supreme court has recently elaborated on what relevant circumstances a trial court may consider in deciding whether a defendant has established a *prima facie* case of discrimination. In *People v. Evans* (1988), 125 Ill. 2d 50, 63, the court stated that such relevant circumstances include: a "pattern" of strikes against black jurors; the prosecutor's questions and statements during *voir dire* and in exercising his challenges; the disproportionate use of peremptory challenges against blacks; the level of black representation in the venire as compared to the jury; whether the excluded blacks are a heterogeneous group sharing race as their only common characteristic; the race of the defendant and victim; and the race of the witnesses. The *Evans* court emphasized that simply because black venirepersons are peremptorily challenged does not alone raise the inference of discrimination. (*Evans*, 125 Ill. 2d at 63.) A court must avoid arbitrarily decid-

ing this question solely from the number of blacks peremptorily challenged. *Evans*, 125 Ill. 2d at 64.

Furthermore, the *Evans* court, as did the *Batson* court, emphasized that the initial determination of whether a defendant has established a *prima facie* case is left to the trial judge, who is in a superior position to determine whether the prosecutor's use of peremptory challenges was racially motivated. (*Evans*, 125 Ill. 2d at 66.) In *Evans*, the court noted that "[t]rial judges are especially well suited to make this determination because they are familiar with local conditions and prosecutors, and can draw upon their power of observation and judicial experience as a guide in distinguishing a true case of discrimination from a false one." (*Evans*, 125 Ill. 2d at 67.) Finally, in reviewing the trial court's determination in this regard, a reviewing court will not reverse the finding of the trial court unless such finding is against the manifest weight of the evidence. *Evans*, 125 Ill. 2d at 64.

■ In this case, although both the State and defendant present arguments in their briefs on the *Batson* issue, based on the record, we decline to review the issue under these circumstances. It is clear from the record that the trial court was not entirely familiar with *Batson* and did not proceed in a manner consistent with the dictates of that case. The court did not first decide whether the facts established, *prima facie*, purposeful discrimination. Also, although the State offered its reasons for excusing the black juror, the court further failed to evaluate, in accordance with *Batson*, whether the State offered a neutral explanation for the peremptory challenge. Consequently, the record in this case is insufficient to provide us with an adequate basis to review the *Batson* issue. Furthermore, because the trial court was unfamiliar with the standards set forth in *Batson*, it did not properly inject its own observations and judicial experience into the determination of whether the assistant State's Attorney used the peremptory challenge against Sivels in a discriminatory fashion. Thus, we remand to the trial court to conduct a full *Batson* hearing concerning the State's use of the peremptory challenge against Donald Sivels. See *People v. Buckley* (1987), 168 Ill. App. 3d 405, 412-13, 522 N.E.2d 86; *People v. Allen* (1987), 168 Ill. App. 3d 397, 400-01, 521 N.E.2d 1172.

Although we are remanding to the trial court for a *Batson* hearing, we are compelled to address an argument raised by the parties in their briefs. Defendant suggests that the single fact that the only black venireperson was peremptorily excused in this case was alone sufficient to establish a *prima facie* case under *Batson*. In so arguing,

defendant relies on this court's previous decision in *People v. Parker* (1988), 166 Ill. App. 3d 123, 519 N.E.2d 703 (Lindberg, P.J., specially concurring).

Based upon our close reading of the *Batson* decision and in light of our supreme court's decision in *People v. Evans* (1988), 125 Ill. 2d 50, we do not agree with that part of the *Parker* decision which holds that any time all members of defendant's race have been excluded from the jury a defendant has established a *prima facie* case. In *Evans*, the supreme court identified numerous relevant circumstances which may be considered by the trial court in determining whether a defendant has raised an inference of discrimination in the State's use of a peremptory challenge against a black member of the venire. (*Evans*, 125 Ill. 2d at 63.) The court further emphasized that the trial court must avoid arbitrarily deciding the *prima facie* issue solely from the number of blacks peremptorily challenged. (*Evans*, 125 Ill. 2d at 64.) We note also that in *Batson* the prosecutor used his peremptory challenges to strike all four black persons on the venire, and a jury composed only of white persons was selected. The Supreme Court in *Batson* did not automatically conclude that a *prima facie* case of purposeful discrimination was shown but, rather, remanded the case to the trial court with instructions to determine if the facts established, *prima facie*, purposeful discrimination and, if so, whether the prosecutor came forward with a neutral explanation for his actions. *Batson*, 476 U.S. at 100, 90 L. Ed. 2d at 90, 106 S. Ct. at 1725.

The circuits of the United States Court of Appeals are split on this issue. The Third Circuit in *United States v. Clemons* (3d Cir. 1988), 843 F.2d 741, and the Ninth Circuit, in *dicta*, in *United States v. Vaccaro* (9th Cir. 1987), 816 F.2d 443, declined to hold that a *prima facie* case is automatically established when the only black members of the venire are peremptorily excused by the prosecution, whereas the Tenth Circuit in *United States v. Chalan* (10th Cir. 1987), 812 F.2d 1302, held that exclusion of the only members of defendant's race on the venire required the prosecution to explain the reasons for the peremptory challenges. Several State appellate decisions have adopted the latter view. See, *e.g.*, *Mitchell v. State* (1988), 295 Ark. 341, 750 S.W.2d 936; *Pearson v. State* (Fla. App. 1987), 514 So. 2d 374; *Commonwealth v. McCo nick* (1986), 359 Pa. Super. 461, 519 A.2d 442.

■ We conclude that requiring a trial court to find a defendant has established a *prima facie* case based solely upon the fact that the State has peremptorily excused all of the black jurors from the venire, as the court stated in *Parker*, would effectively negate consideration of all the other relevant circumstances set forth in *Evans* and would

be inconsistent with *Batson* to the extent that *Batson* requires consideration of all relevant circumstances. Additionally, if a *prima facie* case of discrimination may be established solely on the basis that all of the black venirepersons have been peremptorily challenged, then the trial court would be precluded from applying its observations and judicial experience in deciding whether an inference of discrimination has been raised. (See *Clemons*, 843 F.2d at 747-48.) An automatic determination of discrimination based on that one fact alone is inconsistent with the reasoning of *Evans* and *Batson* and should not be employed.

We do not suggest, however, that the fact that the State has peremptorily challenged all black venirepersons is not relevant to the trial court's determination of whether defendant has demonstrated an inference of discrimination sufficient to establish a *prima facie* case. The supreme court in *Evans*, although listing an extensive number of relevant circumstances which might be considered by a trial judge in this regard, did not establish that list as exclusive. We believe that removal of all black venirepersons through the use of peremptory challenges is relevant to the issue of discrimination under *Batson* and as such should be considered along with all other relevant circumstances in determining whether a defendant has established a *prima facie* case of discrimination.

Because of our decision on the *Batson* issue, we do not address defendant's sentencing issue at this time. We, therefore, remand to the circuit court of Kane County with directions to conduct, pursuant to *Batson*, an expedited hearing to permit defendant to present evidence to substantiate her claim and to submit its findings of fact and conclusions of law pursuant to that hearing, together with the record, to this court within 60 days. We retain jurisdiction for the purpose of reviewing the trial court's determination following a *Batson* hearing, and the defendant and the State will be allowed to submit supplemental briefs addressing the issue in this court. See *People v. Buckley* (1988), 168 Ill. App. 3d 405, 411-13, 522 N.E.2d 86.

Remanded with directions.

LINDBERG, P.J., concurs.

JUSTICE UNVERZAGT, specially concurring:
I agree with the majority that this matter must be remanded to the circuit court of Kane County for a *Batson* hearing. I do not agree with the majority's view that this court's decision in *People v. Parker*

(1988), 166 Ill. App. 3d 123, is undermined by our supreme court's decision in *People v. Evans* (1988), 125 Ill. 2d 50.

The majority's reference to *Evans* is obviously to this language:

"Simply because black veniremen are peremptorily challenged does not, without more, raise the specter or inference of discrimination. *Batson*, 476 U. S. at 101, 90 L. Ed. 2d at 91, 106 S. Ct. at 1725 (White, J., concurring) (it is not unconstitutional, without more, to strike one or more blacks from the jury); *People v. Hooper* (1987), 118 Ill. 2d 244, 247-49 (Ryan, J., specially concurring) (the court must avoid arbitrarily deciding this delicate question solely from the number of blacks peremptorily challenged); *Phillips v. State* (Ind. 1986), 496 N.E. 2d 87, 89 (use of peremptory challenges against black jurors does not, by itself, raise an inference of racial discrimination)." 125 Ill. 2d at 64.

Nothing this court expounded in the *Parker* case disagreed with the above supreme court dissertation.

In *Parker* this court determined "that any time that all members of defendant's race have been excluded from the jury" the final element constituting a *prima facie* case has been met by the defendant. It is then incumbent upon the State to articulate a neutral explanation for the peremptory strike of the jurors. (*Parker*, 166 Ill. App. 3d at 127.) The *Parker* case, like the case at hand, involved the exclusion of the only black juror.

In the case of *United States v. Chalan* (10th Cir. 1987), 812 F.2d 1302, the United States Court of Appeals held that the fact the government used its peremptory challenges to strike the last remaining juror of defendant's race is sufficient " 'to raise an inference' that the juror was excluded 'on account of [his] race,' thereby satisfying the final portion of the *Batson* test. Id." 812 F.2d at 1314.

Our supreme court has not ruled on this question.

The rule of *stare decisis* requires that absent compelling reasons for so doing, courts are reluctant to abandon or to modify an earlier decision of the court soon after its adoption. (*Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299.) As our supreme court has pointed out in *Moehle*, "[t]he People and the bar of this State are entitled to rely upon our decisions with assurance that they will not be lightly overruled." *Moehle*, 93 Ill. 2d at 304, citing *Graham v. General United States Grant Post No. 2665, V.F.W.* (1969), 43 Ill. 2d 1, 8; *Chicago Title & Trust Co. v. Shellaberger* (1948), 399 Ill. 320, 343.