THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WARDELL WOODS, Defendant-Appellant.

Second District   No. 2—88—0188

Opinion filed June 21, 1989.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After trial by jury defendant, Wardell Woods, was convicted of unlawful possession of a controlled substance (Ill. Rev. Stat. 1987, ch. 56½, pars. 1402(a)(1), (a)(2)); unlawful possession with intent to deliver a controlled substance (Ill. Rev. Stat. 1987, ch. 56½, pars. 1401(a)(1), (a)(2)); and unlawful possession of cannabis (Ill. Rev. Stat. 1987, ch. 56½, par. 704(c)). A charge of unlawful use of weapons by a felon (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1) had been severed, and defendant was tried and convicted of that offense by the court without a jury. He was thereafter sentenced to concurrent terms of 12 years' imprisonment for possession with intent to deliver cocaine, eight years for possession with intent to deliver heroin, and 364 days for possession of cannabis. The possession of a controlled substance charges were dismissed by the State as lesser included offenses of possession with intent to deliver. For the unlawful use of weapons conviction, defendant was sentenced to three years' imprisonment to be served consecutively to the drug-related sentences.

On appeal, defendant, who is black, contends that he was denied equal protection of the laws because the prosecution improperly exer-

cised a peremptory challenge to exclude the only black person in the venire from defendant's jury. Defendant argues that the prosecution's explanation for challenging the black juror was merely a pretext because a white juror with the same allegedly objectionable characteristic was retained. We affirm.

During *voir dire*, the State exercised a peremptory challenge to exclude Jerome Waites from the jury. Defense counsel objected and asked the State to explain why Waites, the only black person in the venire, was excused. The assistant State's Attorney responded that he excused Waites because Waites had been arrested in the past by the Waukegan police for driving under the influence (DUI), and Waites said that the police had treated him rudely. The defendant in this case was also arrested by the Waukegan police, and several Waukegan police officers would be witnesses at the trial.

The trial court found that the prosecution's reason for excusing Waites was adequate. The court stated that it had also taken into consideration the fact that Waites said he had read about defendant's arrest in the newspaper, that Waites had been the victim of a crime in the past, and that Waites had had a negative experience with the Waukegan police department.

Defendant concedes that, at the time the trial court ruled on the State's peremptory challenge, the court was "probably correct" in ruling that the State had presented a race-neutral explanation for excusing Waites. Defendant now argues, however, that the prosecution was not candid in its explanation for excusing Waites because the prosecution did not remove a white juror for the same characteristic that it had found objectionable in Waites and, therefore, the prosecution's challenge of Waites was racially motivated.

During the selection of alternate jurors, venireman Joseph Kukla, who is white, was questioned by the court and stated that he had been convicted of failure to possess a valid firearm owner's identification card, and he was on probation for the offense. He also stated that when he was arrested he felt that "[he] got pretty much run through the wringer on it big time." When the assistant State's Attorney questioned Kukla, the following colloquy took place:

"Q. [Assistant State's Attorney]: Once you were arrested you think that the police officer was doing his job?

A. [Kukla]: Apparently he was. That's what the law tells me. I paid the price for it. I think he could have been a little more human about it and understood my side of it. I never been in trouble with anything like that, but that's water over the dam.

* * *

Q. Do you feel that the law enforcement itself is inadequate because you were arrested and convicted?

A. The law wasn't. The officers were, I think.

* * *

Q. Do you feel you may hold it against police officers?

A. No. I think I was definitely wrong once I learned the law, but ignorance of the law is no excuse, but—

Q. You wouldn't—

A. Right. I am just saying. I think I was cuffed and pushed around unnecessarily. I was like Clyde of Bonnie and Clyde. It was ridiculous.

Q. What police department?

A. Richmond Police.

Q. Perhaps in view of the fact, perhaps in view of the fact he didn't know you at the time they may have to deal with you in that situation, and perhaps they were a little bit excessive, do you think that this might affect the situation here? It's an entirely different factual situation.

A. Like I said, I will give it a whirl. I will do my best. I can't say. I am not against the whole idea. I was out plinking cans. Before you know I am pushed around in a cell, thrown up against the car. My hands are all cuffed behind me and twisted. I think that's pretty crappy treatment."

The State and the defense accepted Kukla as an alternate juror.

Defendant now contends that the prosecution's peremptory challenge to Waites was racially motivated, because, although the prosecution said Waites was excused because he was treated rudely by police, the prosecution subsequently accepted Kukla, who had had a similar experience. Defendant argues that the prosecutor's inconsistent treatment of the jurors demonstrates a racially discriminatory purpose in the challenge to Waites and his conviction must be reversed.

In *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, the Supreme Court reaffirmed the principle that the State denies a defendant equal protection of the laws when it puts him on trial before a jury from which members of his race have been purposely excluded. (*Batson*, 476 U.S. at 85, 90 L. Ed. 2d at 80, 106 S. Ct. at 1716.) A defendant contending that the prosecution's exercise of peremptory challenges was racially motivated has the burden of showing purposeful discrimination. (*People v. Young* (1989), 128 Ill. 2d 1, 15-16.) Under *Batson*, a defendant may rely solely on evidence concerning the prosecutor's exercise of peremptory challenges at his

trial in order to establish a *prima facie* case of discrimination. *Batson*, 476 U.S. at 96, 90 L. Ed. 2d at 87, 106 S. Ct. at 1722.

■ To establish a *prima facie* case, the defendant must demonstrate that he is a member of a cognizable racial group and that the prosecutor has used peremptory challenges to remove members of that group from the venire. While defendant is entitled to rely upon the fact that the existence of peremptory challenges enables those who are of a mind to discriminate in the jury selection process to do so, he must show that these and any other relevant facts raise an inference that the prosecutor used peremptory challenges to exclude members of the venire from the jury on account of their race. (See *People v. Jones* (1988), 177 Ill. App. 3d 663, 665-66, 532 N.E.2d 543, 544.) If the defendant establishes a *prima facie* case of purposeful discrimination, the burden shifts to the prosecutor to articulate a neutral explanation for challenging the juror or jurors. *Jones*, 177 Ill. App. 3d at 666, 532 N.E.2d at 544.

■ In this case, when the defense objected to the challenge to Waites, the assistant State's Attorney immediately responded with his reasons for excusing Waites. Because of the assistant State's Attorney's action, the trial court made no ruling concerning whether a *prima facie* case had been established. We need not express an opinion whether the defense established a *prima facie* case of racial discrimination because a determination of this issue is unnecessary to our resolution of this appeal. After hearing the State's reason for excusing Waites, the court ruled that the State's explanation was "adequate." The court apparently believed that the State had come forward with a race-neutral explanation for challenging the black juror. We agree with the trial court that the State presented a race-neutral explanation for excusing Waites, and resolution of this issue makes it unnecessary to determine whether a *prima facie* case existed before the assistant State's Attorney offered his explanation. A reviewing court ordinarily will not consider questions or contentions which are not essential to the determination or final disposition of the cause before it. *People v. Berlin* (1978), 58 Ill. App. 3d 612, 616, 374 N.E.2d 948, 951, *rev'd on other grounds* (1979), 75 Ill. 2d 266, 388 N.E.2d 412.

■ The State's explanation for the exclusion of the black veniremen cannot be considered race neutral if the State failed to exclude white veniremen having the same or similar characteristics and there are no further characteristics meaningfully distinguishing the white veniremen who are retained from the black veniremen who were challenged. *People v. Mack* (1989), 128 Ill. 2d 231, 237-38.

Defendant points out that Kukla, like Waites, had been arrested and treated rudely by police, yet Kukla, who is white, was retained as a juror while Waites, who is black, was excused. In this case the defendant had been arrested by the Waukegan police, and several Waukegan police officers were scheduled as witnesses at the trial. Waites had been arrested for DUI by Waukegan police officers, and he felt he was treated rudely at the time of the arrest. Although juror Kukla also complained of ill-treatment at the time of his arrest, Kukla was arrested by officers of the Richmond police department and not by officers of the Waukegan police department, and no officers of the Richmond police department were involved in this trial. Furthermore, we note that the prosecution used only one other peremptory challenge in choosing the jury, and that was to excuse a white juror who had also been arrested by the Waukegan police.

■ The trial court's finding that the State has provided race-neutral reasons for its peremptory challenge of a member of defendant's race will not be reversed unless it is against the manifest weight of the evidence. (*People v. McDonald* (1988), 125 Ill. 2d 182, 199, 530 N.E.2d 1351.) We find that the race-neutral explanation for dismissing the black juror offered by the State is supported by the evidence.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

McLAREN and REINHARD, JJ., concur.