2021 IL App (1st) 131973-B

No. 1-13-1973

Filed May 27, 2021

Fourth Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit |
| | ) | Court of Cook County |
| Plaintiff-Appellee, | ) | |
| | ) | |
| vs. | ) | No. 08 CR 00238 |
| | ) | |
| ROBERT HILL, | ) | |
| | ) | Honorable Carl Boyd |
| Defendant-Appellant. | ) | Judge Presiding |

JUSTICE MARTIN delivered the judgment of the court, with opinion.
Justices Lampkin and Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1     We remanded defendant Robert Hill's case for completion of a hearing on his motion to dismiss the indictment but retained jurisdiction over the case and other issues raised in his appeal. *People v. Hill*, 2016 IL App (1st) 131973-U, ¶¶ 29-30. On remand, the trial court completed the hearing and granted Hill's motion to dismiss the indictment upon finding the State breached an enforceable cooperation agreement to not rearrest or charge Hill if he took and passed a polygraph test. The State did not file a notice of appeal from that ruling. Instead, the State filed a "supplemental" brief under Hill's prior appellate case number arguing dismissal of the indictment was too extreme a remedy. For the reasons explained in this opinion, we find that we lack

jurisdiction to consider this matter because the State failed to file a notice of appeal from the order dismissing the indictment.

¶ 2                                    I. BACKGROUND

¶ 3          After a bench trial, Robert Hill was convicted of first degree murder, attempted first degree murder, and armed robbery for his role in the robbery of Frank's Liquor Store in Robbins, Illinois, on the day after Thanksgiving, November 25, 2005. The crime left the proprietor Fakhri Elayyan (Frank) shot and in a coma and his daughter Ghadda Elayyan dead. Frank eventually recovered. The shooter, Carnell Tyler, decided to rob the store and kill Ghadda after an incident two days earlier in which Tyler felt Ghadda was rude to him when he tried to purchase lottery tickets. According to trial testimony, Hill helped Tyler by recruiting 17-year-old Darion Nance, who supplied the gun and cased the store at Hill's direction. Hill also drove the trio to and from the robbery. Afterward, all three split the money from the store's cash register.

¶ 4          Before trial, Hill filed a motion to dismiss the indictment against him. His motion claimed detectives from the Cook County Sheriff's Police promised him he would not be rearrested or charged in relation to the robbery and shootings at Frank's if he passed a polygraph examination. Hill consented to the test and passed. After Hill testified about this in a hearing on his motion to dismiss the indictment, the State moved for a directed finding asserting Hill could not establish an enforceable cooperation agreement because he failed to allege the State's Attorney authorized the agreement. The trial judge agreed and granted the State's motion for directed finding on that basis.

¶ 5          On appeal, Hill argued, among other issues, that, even absent the State's Attorney's approval, the agreement was enforceable. We allowed Hill to cite *People v. Stapinski*, 2015 IL 118278, decided after his conviction, which held the State could be bound by cooperation agreements made by police officers without the State's Attorney's authorization. Because the trial

judge denied Hill's motion to dismiss on the contrary assertion, we found the ruling was an error of law. *Hill*, 2016 IL App (1st) 131973-U, ¶ 27.

¶ 6       The State argued that remand to the trial court for consideration of the motion was not warranted because, they averred, the transcript of Hill's conversation with the detective refuted that Hill and the detective formed the cooperation agreement Hill alleged. We rejected the State's contention because the transcript was not admitted into evidence in the trial court. The State further argued remand was unnecessary because, in its view, even if a cooperation agreement was formed as alleged, dismissal of the indictment was too extreme a remedy in this case. *Id.* ¶ 28. We found the State's argument concerning the remedy was premature because the hearing had not been completed. *Id.* Since the trial judge granted the State's motion for directed finding after only hearing Hill's testimony, Hill had not yet met his burden to prove the existence of an enforceable cooperation agreement and that the State breached it. The trial judge had made no findings of fact or determined any witnesses' credibility. Therefore, we determined remand was required for completion of the hearing.

¶ 7       We vacated Hill's convictions and instructed the trial court to complete the hearing on Hill's motion to dismiss the indictment. *Id.* ¶ 29. We expressly retained jurisdiction over the case and stated we would decide the other issues raised in Hill's appeal, if necessary, following completion of the hearing on remand. *Id.* ¶ 30.

¶ 8       At the hearing on remand, the parties stipulated to the video with audio of Hill's time in custody during which the alleged cooperation agreement was made. The parties also stipulated to a transcript of the conversations between Hill and detectives, a transcript of the polygraph questions and answers, and the polygraph examiner's report, which opined Hill was truthful. (Hill denied any involvement in the crime.) Delvin Gray, the officer who administered the polygraph,

was the only witness called to testify before Judge Boyd.[1] Hill's prior testimony was admitted as well. The trial court took the motion under advisement and announced its decision on December 15, 2017.

¶ 9        The trial judge found the conversation between Hill and the detectives showed an offer, acceptance, and meeting of the minds that formed an enforceable cooperation agreement in which Hill would not be arrested or charged if he passed a polygraph test.[2] The judge further found that Hill detrimentally relied on the agreement by waiving his fifth amendment privilege, Hill fulfilled his part of the bargain by undergoing the polygraph and passing it, and the State breached the agreement by later arresting and prosecuting him. The judge then dismissed the indictment and ordered Hill released on bond pursuant to Illinois Supreme Court Rule 604(a)(3) (eff. July 1, 2017) and entered an order to that effect. The order stated Hill's motion to dismiss had been granted.

¶ 10        The State filed a motion to reconsider, arguing the hearing evidence did not show an enforceable cooperation agreement or, in the alternative, dismissal was not the proper remedy. The trial court denied the motion to reconsider on February 14, 2018, and directed Hill's counsel to draft an order stating the court denied the State's motion. Counsel did so. The judge then signed the order and entered it on the record the same day, February 14, 2018.

¶ 11        At no point did the State file a notice of appeal challenging the circuit court's order. Instead, on January 23, 2019, the State filed a "Supplemental Brief and Argument for Plaintiff-Appellee Following Proceedings on Limited Remand Ordered By this Court" under the appellate case number of Hill's prior appeal filed in 2013. The brief recounts the proceedings, including those on remand, and states, "This case is now back before this Court following the limited remand ordered

---

[1]Judge Boyd presided over Hill's case on remand. Judge Zelezinski, who presided over the case before Hill's appeal, had retired.

[2]In the report of proceedings, Judge Boyd indicates he is reading a written order he had prepared. The written order is not included in the record before us.

by this Court." The State further asserts that this court retained jurisdiction to consider its argument that dismissal is too extreme a remedy because we found that argument premature in our order remanding for completion of the hearing on Hill's motion to dismiss the indictment. Hill filed a responsive brief on March 15, 2019. His brief notes that we retained jurisdiction and states "Jurisdiction is proper for the reasons stated in the [*sic*] Hill's originally-filed opening brief."

¶ 12 We ordered additional briefing to address whether we have jurisdiction to consider the State's challenge to the trial court's order dismissing the indictment without first filing a notice of appeal from that order. The State filed a brief largely reiterating that, because we found its remedy argument premature and retained jurisdiction, the State could reassert the argument when it became ripe under the same appeal without filing a new notice of appeal. Hill reversed his position and now argues the State was required to file a notice of appeal to challenge the dismissal of the indictment because, despite bearing the opposite label, the State is the party seeking a different result and otherwise taking steps such as filing a supplemental record that are attendant with being the appellant rather than the appellee. Hill further argues this court's order remanding for completion of the hearing on his motion to dismiss the indictment only retained jurisdiction if necessary to resume consideration of the other issues he raised to challenge his conviction if he received an adverse ruling on remand.

¶ 13                                      II. ANALYSIS

¶ 14 The appellate court has an independent duty to consider its own jurisdiction, even if the parties fail to raise it and even if the parties believe jurisdiction has properly attached. *People v. Van Dyke*, 2020 IL App (1st) 191384, ¶ 41; *Sykes v. Schmitz*, 2019 IL App (1st) 180458, ¶ 9. To invoke the appellate court's jurisdiction over an order from which an appeal is taken, the appeal must be perfected. Ill. S. Ct. R. 606(a) (eff. July 1, 2017). "Perfect" means "[t]o take all legal steps

needed to complete, secure, or record (a claim, right, or interest)." Black's Law Dictionary (11th ed. 2019). Appeals are perfected "by filing a notice of appeal with the clerk of the trial court." Ill. S. Ct. R. 606(a) (eff. July 1, 2017). "No step in the perfection of the appeal other than the filing of the notice of appeal is jurisdictional." *Id.* Put differently, " '[f]ailure to file the notice of appeal is jurisdictional.' " *People v. Maynard*, 393 Ill. App. 3d 605, 607 (2009) (quoting *People v. Mennenga*, 195 Ill. App. 3d 204, 206 (1990)). "Unless there is a properly filed notice of appeal, a reviewing court has no jurisdiction over the appeal and is obliged to dismiss it." *People v. Smith*, 228 Ill. 2d 95, 104 (2008).

¶ 15        We recognize, as our supreme court has, that postremand appellate procedure is "murky." *People v. Garrett*, 139 Ill. 2d 189, 194 (1990). In *Garrett*, the court explained that, when the appellate court finds further trial court hearings are called for in a criminal case, the preferable procedure is to remand for those hearings while retaining jurisdiction. *Id.* The appellate court's authority for that procedure derives from Illinois Supreme Court Rule 615(b)(2), which provides a reviewing court may "set aside, affirm, or modify any or all of the proceedings subsequent to or dependent upon the judgment or order from which the appeal is taken."

¶ 16        Since *Garrett*, Illinois courts have said little about postremand procedure when a reviewing court retains jurisdiction. The parties did not provide, nor did our own research yield, any authority from a primary or secondary source that directly addresses the question before us. Thus, we look to examples of retained jurisdiction for guidance and bear in mind the *Garrett* decision's explanation that authority to remand and retain jurisdiction is rooted in Rule 615(b)(2).

¶ 17        In *Garrett*, the court cited *People v. Jones*, 177 Ill. App. 3d 663 (1988), approvingly as an example where the appellate court followed the preferred procedure. *Garrett*, 139 Ill. 2d at 195. In *Jones*, the appellate court remanded for a new *Batson* hearing (see *Batson v. Kentucky*, 476 U.S.

79 (1986)), withheld decision on a sentencing issue, and retained jurisdiction. The court expressly instructed the trial court to conduct an expedited hearing and submit is findings of fact and conclusions of law within 60 days. *Jones*, 177 Ill. App. 3d at 669. The court also expressly allowed the parties to submit supplemental briefs addressing the *Batson* issue. *Id.* After remand, the appellate court resumed consideration of the case and decided both new issues raised in relation to the *Batson* hearing on remand and the sentencing issue previously raised in the appeal. *Garrett*, 139 Ill. 2d at 195-96; *People v. Jones*, 185 Ill. App. 3d 208 (1989).

¶ 18        Thus, *Jones* shows by way of example that the appellate court may use its authority under Rule 615(b)(2) to revest the trial court with jurisdiction to complete proceedings the appellate court found deficient before resuming consideration of the appeal. Courts following this procedure may also provide express instructions for the parties to file supplemental briefs after the conclusion of the proceedings on remand. See, *e.g.*, *People v. Bohanan*, 243 Ill. App. 3d 348, 352 (1993) (expressly permitting parties to file supplemental briefs following *Batson* hearing on remand); *People v. Allen*, 168 Ill. App. 3d 397, 401 (1987) (same); *People v. Davis*, 345 Ill. App. 3d 901, 912 (2004) (same); *People v. Shaw*, 2014 IL App (4th) 121157, ¶ 36 (same).

¶ 19        In other examples, the reviewing court simply instructs the trial court to supplement the record before resuming consideration of the appeal. See, *e.g.*, *People v. Davis*, 231 Ill. 2d 349, 370 (2008) (stating court will announce decision after circuit court files findings of fact and conclusions of law with record of proceedings from *Batson* hearing on remand); *People v. McKown*, 226 Ill. 2d 245, 276-77 (2007) (retaining jurisdiction while remanding for a *Frye* hearing and instructing trial court to file findings of fact and conclusions of law within 90 days); *In re B'Yata I.*, 2013 IL App (2d) 130558, ¶ 41 (retaining jurisdiction while remanding for trial court to

set forth the factual basis for finding parent unfit and directing trial court to transmit its factual basis to the appellate clerk within 28 days).

¶ 20    In any event, the trial court on remand is vested with jurisdiction only to take action that complies with the reviewing court's mandate. *People v. Winters*, 349 Ill. App. 3d 747, 749 (2004). Likewise, we believe postremand appellate procedure must be consistent with the reviewing court's remand order.

¶ 21    The decision in *Fleming v. Moswin*, 2012 IL App (1st) 103475-B, provides a useful comparison for this case. In *Fleming*, the plaintiffs appealed a judgment entered in favor of two physician defendants following a jury trial on the plaintiffs' claims of medical negligence. *Id.* ¶ 1. The plaintiffs argued the trial court erred in denying a motion for new trial alleging a defendant's peremptory challenge of a prospective juror violated *Batson*. *Id.* The appellate court found the trial court did not conduct a proper *Batson* analysis and remanded for "the limited purpose of allowing the trial court to conduct a proper *Batson* analysis and to file amended findings of fact and conclusions of law with this court." *Id.* ¶ 2. The appellate court expressly retained jurisdiction over the appeal and stated the plaintiffs would have 14 days to file a supplemental brief addressing the *Batson* issue and the defendants 14 days after to file their supplemental briefs. *Id.* ¶ 29. The order stated the appellate court would thereafter issue a final judgment. *Id.*

¶ 22    On remand, the trial court found the prospective juror was improperly excused based on race in violation of *Batson* and granted the plaintiffs a new trial. *Id.* ¶ 22. The parties then filed supplemental briefs. *Id.* The plaintiffs argued the appeal was moot because they obtained the relief they sought when the trial court reversed its prior ruling and decided they were entitled to a new trial on remand. *Id.* ¶ 26. The appellate court disagreed because its order remanding the case only vested the trial court with authority to conduct a *Batson* analysis and file amended findings of fact

and conclusions of law with the appellate court; it did not remand for a final ruling on the plaintiffs' motion for new trial, and therefore, the order granting a new trial exceeded the trial court's authority and was void for lack of jurisdiction. *Id.* ¶ 31. The order "clearly contemplated" that the matter would return to the appellate court for further consideration. *Id.* ¶ 30. Thus, the original denial of the plaintiffs' motion for new trial stood, and the issue was not moot because the appellate court could evaluate it in light of the trial court's amended findings of fact and conclusions of law. *Id.* ¶ 31.

¶ 23    By contrast, our order remanding for a new hearing on Hill's motion to dismiss the indictment expressly authorized the trial court to make a final ruling on the motion. We did not, like the remand order in *Fleming*, only instruct the trial court to supplement the record with findings of fact and conclusions of law so we could render a final ruling with the benefit of such. By our express language, we clearly contemplated we would only resume consideration of the appeal if the trial court denied Hill's motion and reinstated his convictions—the only scenario in which the judgment from which Hill took an appeal would still stand. We stated we would address the other issues only "if necessary"; that is, if not made moot by the ruling on remand. But in the alternate scenario, the judgment would not stand, the appeal would be moot, and we did not expressly provide for further review. Simply put, we did not retain jurisdiction to review the proceedings on remand if the trial court granted Hill's motion to dismiss. *Cf. People v. Makiel*, 263 Ill. App. 3d 54, 72 (1994) (appellate court would retain jurisdiction to resume consideration of the appeal only if the trial court on remand found witness proffered to testify a different person committed the crime was incompetent or his testimony irrelevant; finding otherwise, trial court should grant defendant a new trial).

¶ 24    To be sure, we expressly contemplated two different scenarios following the hearing on remand in the trial court. Either Hill would prevail on his motion to dismiss the indictment or he would not. If Hill prevailed, we instructed the trial court to dismiss the indictment. *Hill*, 2016 IL App (1st) 131973-U, ¶ 29. If Hill did not prevail, we instructed the trial court to reinstate his convictions pending our further review. *Id.* Thus by a plain reading of our order, we only provided for further consideration of the case under Hill's appeal if he did not prevail on remand. Our retained jurisdiction to resume the appeal was expressly contingent on the trial court denying his motion to dismiss and reinstating his convictions. Indeed, by instructing the trial court to dismiss the indictment if it found in Hill's favor, we believe our authority under Rule 615(b)(2) to "set aside, affirm, or modify any or all of the proceedings subsequent to or dependent upon the judgment *** from which [Hill's] appeal [was] taken" ceased upon entry of the dismissal order. Because Rule 615(b)(2)'s reach is expressly tethered to a "judgment or order from which the appeal is taken," we exceed our jurisdiction if that judgment ceases to exist. If the trial court had ruled against Hill on remand, it would have reinstated his convictions—the judgment from which his appeal was taken—and we could resume our consideration. But if Hill prevailed on remand, as he did, the judgment from which the appeal was taken, Hill's convictions, would not exist, and consequently we could no longer set aside, affirm, or modify proceedings subsequent to or dependent upon it. Rather, his appeal became moot. We could not exercise jurisdiction without a judgment or order from which the appeal was taken. By operation of our express instructions, the trial court's dismissal of the indictment finally and fully disposed of Hill's case. For the State to seek appellate review of the trial court's dismissal order, it could do so under Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2017). But the State also needed to file a notice of appeal to

perfect its own appeal of the trial court's order and invoke our jurisdiction. Without such a notice of appeal, we simply do not have jurisdiction to consider the State's challenge.

¶ 25    The State contends that, because we found its remedy argument premature and retained jurisdiction to "decide the other issues, if necessary, following the completion of the hearing on the motion to dismiss the indictment," we thereby expressly retained jurisdiction to consider its argument—which the State contends was an "other issue"—without the filing of a notice of appeal. *Hill*, 2016 IL App (1st) 131973-U, ¶¶ 28, 30. We disagree. Read in proper context, "other issues" referred to the undecided arguments Hill raised in his appeal and did not encompass the State's remedy argument. Indeed, the State's remedy argument was directed at whether the case should be remanded to complete the hearing. But by remanding the case to complete the hearing, we rejected the State's argument against remand. Therefore, the State's argument was decided in the prior order and was not one of the "other issues" that we contemplated deciding later, if necessary, under the jurisdiction we retained.

¶ 26    Further, we believe the State's reliance on our finding that its argument was premature conflates appellate jurisdiction over subject matter with the procedures necessary to invoke appellate jurisdiction over a particular case—in other words, whether an order is appealable with whether it has been properly appealed. Illinois courts have consistently held that the appellate court lacks jurisdiction without a properly filed notice of appeal specifying the judgment complained of and the relief sought. *Smith*, 228 Ill. 2d at 104. The failure to file a proper notice of appeal is "more than a mere defect in form." (Internal quotation marks omitted.) *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 177 (2011). It cannot be remedied by addressing the issue for which the party seeks review in a brief. *Id.* at 178. Thus, even if an issue is appealable, a party does not confer appellate jurisdiction over that issue unless that party perfects an appeal. That the matter briefed is

appealable is not enough. That is the situation here. By finding the State's argument premature, we recognized the issue could be reviewed if it were properly raised in an appeal from a trial court order ruling on the issue. But that recognition did not exempt the State from following the necessary procedures to perfect an appeal once the issue became ripe. We have jurisdiction to consider the subject matter briefed by the State—a challenge to a trial court order dismissing an indictment. But the State did not file the required notice of appeal to perfect an appeal from *this* order dismissing an indictment. Therefore, appellate jurisdiction was not invoked over the resulting order on remand in this case.

¶ 27    To support its position, the State cites *People v. Lawson*, 2019 IL App (4th) 180452, ¶ 32, where the Fourth District held the appellate court has jurisdiction to review the proceedings on remand to the trial court even in the absence of expressly retained jurisdiction. We agree with that general proposition but find it pertains to jurisdiction over subject matter, not necessarily the procedures required to perfect appellate review of the judgment or order resulting from the proceedings on remand. Based on that distinction, *Lawson* leads us to find the State was not relieved from filing a notice of appeal in this case.

¶ 28    In *Lawson*, the appellate court remanded for a new *Krankel* hearing but did not address the defendant's other arguments because those issues might become moot depending on the result of the *Krankel* hearing. *Id.* ¶ 30. However, the court did not explicitly retain jurisdiction. *Id.* On remand, the trial court ruled against the defendant, and he filed a second notice of appeal. *Id.* ¶ 31. The State argued the appellate court lacked jurisdiction to review the *Krankel* hearing conducted on remand, asserting that the court did not explicitly retain jurisdiction, the resulting order on remand was not final and appealable, and no Illinois Supreme Court rule provided for appeal from a *Krankel* hearing. *Id.* ¶ 23. The appellate court found it did have jurisdiction because the first

notice of appeal vested the appellate court with jurisdiction, the Illinois Constitution empowers the appellate court to " 'exercise original jurisdiction when necessary to the complete determination of any case on review,' " there was substantial precedent in Illinois case law reviewing *Krankel* proceedings on remand, and the remand order clearly implied the court was retaining jurisdiction. *Id.* ¶¶ 32-34 (quoting Ill. Const. 1970, art. VI, § 6).

¶ 29        In our view, both the State's arguments against jurisdiction and the court's bases to find it had jurisdiction in *Lawson* solely related to subject matter. There was no question the defendant perfected his appeal by filing a notice of appeal after the *Krankel* hearing on remand, and the court never stated it was unnecessary for him to do so. Since the appeal was perfected, the court never addressed whether a notice of appeal was required, and *Lawson* cannot be read to relieve parties from the requirement to file a notice of appeal after remand in the absence of express instructions to the contrary, such as providing for the filing of supplemental briefs.

¶ 30        What is more telling, the order in *Lawson* remanding for a *Krankel* hearing contemplated two different procedures depending on the result of the hearing on remand, just as in this case. If the defendant prevailed in that hearing, his appeal would be moot. *Id.* ¶¶ 13, 30. The remedy would be a new trial. Thus, like this case, the remand order only contemplated resumption of the appeal if the defendant lost.

¶ 31                                    III. CONCLUSION

¶ 32        In sum, because our remand order directed the trial court to make a final ruling on Hill's motion to dismiss the indictment and we only retained jurisdiction to resume consideration of his appeal if the motion was denied and his convictions reinstated, the State was required to file a notice of appeal to perfect an appeal from the order dismissing the indictment. We conclude the State did not perfect an appeal from the trial court's order dismissing the indictment against Hill

and, therefore, we do not have jurisdiction to consider the State's challenge to that order in supplemental briefs filed under Hill's prior appeal. If we find jurisdiction is lacking, we must dismiss the appeal. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984). Accordingly, we dismiss this appeal.

¶ 33        Appeal dismissed.

---

**No. 1-13-1973**

---

| | |
|---|---|
| **Cite as:** | *People v. Hill*, 2021 IL App (1st) 131973-B |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 08-CR-00238; the Hon. Carl Boyd, Judge, presiding. |
| **Attorneys for Appellant:** | Joshua Tepfer, of the Exoneration Project at the University of Chicago, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Phyllis Warren, Assistant State's Attorneys, of counsel), for the People. |