2022 IL App (1st) 211195-U

No. 1-21-1195

Filed June 9, 2022

Fourth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF URSZULA DABROWSKA, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Petitioner-Appellee, | ) ) | No. 17 D 8885 |
| and | ) ) | |
| JACEK DABROWSKI, | ) ) | Honorable David E. Haracz, |
| Respondent-Appellant. | ) | Judge, Presiding |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Reyes and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We lack jurisdiction to review the circuit court's denial of respondent's petition for relief from judgment.

¶ 2   Jacek Dabrowski appeals from an order denying his petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)). The petition sought to vacate the maintenance requirement of a judgment of dissolution of marriage. The circuit court denied the petition following an evidentiary hearing. However, neither a notice

of appeal nor a postjudgment motion were filed within 30 days of the entry of judgment. Accordingly, we dismiss this appeal for lack of jurisdiction.[1]

¶ 3                                    I. BACKGROUND

¶ 4        Jacek and Urszula were married in Poland in 1996.[2] On October 31, 2017, the circuit court entered a judgment of dissolution of marriage that incorporated a marital settlement agreement (MSA) signed by both parties. A term of the MSA required that Jacek pay Urszula maintenance of $1600 per month until either of them die or until Urszula remarries or cohabitates with another person. The MSA also called for Jacek to pay child support for each of their two teenage children until the later of reaching age 18 or graduating from high school. Urszula was represented by counsel while Jacek acted *pro se* in these proceedings.

¶ 5        In January 2019, Jacek filed, through counsel, a "Petition to Partially Vacate Judgement Entered October 31, 2017." In the petition, Jacek claimed that he has limited understanding of English, that he did not understand that the lawyer who prepared the MSA he signed was representing only Urszula's interests, and that the terms of the MSA were not explained to him. He understood he had some obligation to make payments, but believed it was temporary and only related to child support. He claimed that he never agreed to pay maintenance and was not aware of the obligation until he sought counsel in the later part of 2018. Jacek went on to claim that Urszula exploited his limited understanding of English to conceal the maintenance obligation, that the $1600 per month amount is onerous for him, and the term is unconscionable. For relief, the petition requested, *inter alia*, that the provisions relating to maintenance in the judgment of dissolution be vacated. It further requested that the court either permanently bar maintenance or

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.
    [2]We use the parties first names for clarity.

conduct a hearing to determine a fair maintenance amount. Jacek cited section 2-1401 as the legal basis to file his petition. 735 ILCS 5/2-1401 (West 2016). Urszula filed a timely answer denying Jacek's allegations. In November 2019, Jacek filed an amended petition captioned "Amended Petition to Partially Vacate Judgment Entered October 31, 2017 and Modify Allocation." The amended petition contained the same allegations and requests for relief as the initial petition. It added, as an alternative to the other requested relief, that the court modify his maintenance obligation.

¶ 6        The matter eventually proceeded to an evidentiary hearing. Following that hearing, the circuit court entered a written order on March 4, 2021, denying Jacek's petition. The order contained the following findings of the court:

"A.        A Judgment for Dissolution of Marriage ("Judgment") which incorporated a Marital Settlement Agreement ("MSA") was entered on October 31, 2017. The Judgment and MSA was signed and initialed by both parties;

B.        On January 22, 2019, [Jacek] filed a Petition to Partially Vacate Judgement (sic) Entered October 31, 2017 addressing mainly the maintenance provisions of the judgment. The Petition did not contain an affidavit from [Jacek];

C.        On November 7, 2019, [Jacek] filed an Amended Petition to Partially Vacate Judgement (sic) Entered October 31, 2017 and Modify Allocation addressing the maintenance provisions of the judgment. The Petition did not contain an affidavit from [Jacek];

D.        After the Judgment was entered, [Jacek] complied with the terms of the MSA by paying approximately 11 months of maintenance. Three months after unilaterally terminating his maintenance, [Jacek] filed his Petition to Vacate;

E. [Jacek's] testimony was not wholly credible. [Jacek] failed to show diligence in presenting his claim or in filing his 2-1401 petition[.]"

¶ 7 The case was continued to March 12 for a status conference on other pending matters. On March 16, 2021, the court entered an order stating that, after a hearing on March 12, the court found that Jacek's amended petition filed in November 2019 was "not properly filed to be considered as a Motion to Modify Maintenance." The order further stated that Jacek remained obligated to make maintenance payments as provided in the MSA.

¶ 8 On April 15, 2021, Jacek filed a motion to reconsider the court's March 16 order or, in the alternative, to modify maintenance. The motion argued that Jacek's initial petition did, contrary to the court's March 4 finding, contain his affidavit. It went on to argue that the maintenance provisions were improper for various reasons. Lastly, the motion noted the alternative request to modify maintenance in the amended petition. Jacek asked the court to consider his earlier filed petitions as motions to modify maintenance, since he had requested modification of his maintenance obligation in those filings. Urszula filed a response opposing Jacek's motion to reconsider.

¶ 9 In an order entered June 30, 2021, the court denied Jacek's motion to reconsider. The court also expressly denied Jacek's request to consider his amended petition to vacate judgment as a motion to modify maintenance. However, the court granted Jacek leave to file a motion to modify maintenance, and, on July 16, 2021, Jacek filed such a motion.

¶ 10 On July 30, 2021, Jacek filed a notice of appeal from the circuit court's order denying his motion to reconsider denial of his section 2-1401 petition to vacate judgment.[3]

---

[3]The notice of appeal and the amended notice of appeal filed Nov. 23, 2021, indicate that Jacek is appealing an order dated "7/30/2021." The circuit court did not enter any orders on July 30, 2021. Rather, that is the date Jacek filed his initial notice of appeal. We assume this was a typographical error and June

¶ 11                                    II. ANALYSIS

¶ 12        Urszula argues that Jacek's notice of appeal was untimely and, as such, did not invoke this court's jurisdiction.[4] We have an independent duty to consider our own jurisdiction. *People v. Hill*, 2021 IL App (1st) 131973-B, ¶ 14. The timely filing of a notice of appeal is both mandatory and jurisdictional. *Joseph v. Evergreen Motors, Inc.*, 2019 IL App (1st) 180360, ¶ 19. "Unless there is a properly filed notice of appeal, a reviewing court has no jurisdiction over the appeal and is obliged to dismiss it." *People v. Smith*, 228 Ill. 2d 95, 104 (2008).

¶ 13        The matter that Jacek ultimately seeks to appeal is the denial of his petition filed pursuant to Section 2-1401. Section 2-1401 allows a litigant to petition for relief from a final judgment after 30 days from its entry. 735 ILCS 5/2-1401(a) (West 2016). Section 2-1401 is ordinarily used to bring facts to the attention of the trial court that, if known at the time of judgment, would have precluded its entry. *Paul v. Gerald Adelman & Assoc., Ltd.*, 223 Ill. 2d 85, 94 (2006). A petition brought under section 2-1401 must set forth allegations supporting the existence of a meritorious claim or defense; due diligence in presenting the claim or defense to the circuit court in the original action; and due diligence in filing the petition. *Id.* To prevail, a petitioner must establish these elements by a preponderance of the evidence. *Id.* at 95.

¶ 14        A section 2-1401 petition, however, is a separate action, independent from the original action. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. A final order disposing of a section 2-1401 petition is appealable without any special finding by the trial court. Ill. S. Ct. R. 304(b) (eff. Mar. 8, 2016). A timely filed motion to reconsider the court's ruling on a section 2-1401 petition extends the time to file a notice of appeal to 30 days after the

---

30, 2021, was intended. The substantive description of the order Jacek seeks to appeal clearly points to the court's order of June 30, 2021.

[4]The appellant's reply brief was due on March 29, 2022. Neither a reply brief nor request for extension were filed in this court. The case was submitted for decision on April 13, 2022.

entry of the order disposing of the motion to reconsider. *Harris Bank, N.A. v. Harris*, 2015 IL App (1st) 133017, ¶¶ 42-46 (finding that a motion to reconsider the denial of a section 2-1401 petition is a motion directed against the judgment, which tolls the time to file a notice of appeal under Illinois Supreme Court Rule 303(a)(1)).

¶ 15        The motion to reconsider the trial court's denial of Jacek's section 2-1401 petition, however, was not timely filed. The court entered an order denying the petition on March 4, 2021. That was a final judgment. To challenge the judgment, Jacek needed to either file a notice of appeal or a motion to reconsider within 30 days from March 4. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); 735 ILCS 5/2-1203(a) (West 2016). The motion to reconsider, here, was filed on April 15, 2021, more than 30 days later.

¶ 16        Jacek's motion to reconsider referred to the court's March 16 order, but, in substance, addressed the matters decided on March 4. The March 16 order did not rule on his section 2-1401 petition. As we noted, that ruling occurred on March 4. The March 16 order merely stated that Jacek's petition did not constitute a motion to modify maintenance. It is unclear from the record before us what prompted the court to state this in its order. Jacek had not filed any written pleading between the March 4 order and the March 12 hearing referenced in the March 16 order. No transcript, bystander's report, or agreed statement of facts has been supplied for us to ascertain what transpired. See Ill. S. Ct. R. 323 (eff. July 1, 2017). In any event, the March 16 order did not extend the time to file a notice of appeal such that Jacek's April 15 motion to reconsider or his July 30 notice of appeal were timely. The March 16 order was not a judgment on the section 2-1401 petition, the March 4 order was. At most, the March 16 order may have constituted the denial of an oral motion to reconsider raised in the March 12 hearing. If so, then Jacek's time to file a notice of appeal would have concluded on April 16, 2021. Yet, even under that scenario, he could not file

another motion to reconsider. *People v. Miraglia*, 323 Ill. App. 3d 199, 205-06 (2001). Thus, the circuit court lacked jurisdiction to hear Jacek's April 15 motion to reconsider. See *Won v. Grant Park 2, LLC*, 2013 IL App (1st) 122523, ¶ 20 ("the trial court loses jurisdiction after 30 days from the time the final judgment is entered when either (1) a posttrial motion directed against the judgment is not filed, (2) 30 days pass from the time the trial court disposes of a timely filed posttrial motion, or (3) a notice of appeal is timely filed.").

¶ 17    We recognize that, under some circumstances, parties can revest the circuit court with jurisdiction to hear an untimely motion. See *People v. Bailey*, 2014 IL 114459, ¶ 25. However, those circumstances were not present here. Revestment requires that both parties "assert positions that make the proceedings inconsistent with the merits of the prior judgment and support the setting aside of at least part of that judgment." *Id*. Nothing in the record suggests that Urszula asserted a position inconsistent with the prior judgment and sought for any part of that judgment to be set aside. Rather, the opposite is apparent.

¶ 18                                    III. CONCLUSION

¶ 19    For these reasons, we find that we lack jurisdiction and dismiss the appeal.

¶ 20    Appeal dismissed.